Delano D. KOHLBUSCH, Plaintiff,

v.

The Hon. Tony L. EBERWEIN, Associate Circuit Judge of the Circuit Court of St. Louis County, Missouri, Division 35, Defendant.

No. 46113.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 9, 1982.

P. Dennis Barks, Berkemeyer & Barks, Hermann, for plaintiff.

Val Terschluse, Clayton, for defendant Hawk.

---

1. Rule 84.22 provides:

   No original remedial writ, except habeas corpus, will be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court.

   This rule, of course, is not absolute and is waived in the event of great urgency for an early determination or in the event the issue is one of public importance. *State v. Carter,* 319

REINHARD, Judge.

This is an original proceeding in prohibition to compel the trial court of St. Louis County to dismiss this action and refrain from proceeding further in the case.

■ On October 18, 1979, Calvin Hawk, a non-resident of Missouri, obtained a default judgment in the South Carolina Court of Common Pleas against Delano D. Kohlbusch, a resident of Gasconade County, Missouri. In May of 1982, Hawk filed in the Circuit Court of St. Louis County an application to register the South Carolina judgment pursuant to the Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo. 1978. Summons was served on Kohlbusch in Gasconade County. In response, Kohlbusch, the plaintiff in this proceeding, simultaneously filed a motion for a continuance and a motion to dismiss for improper venue. Judge Eberwein, the defendant in this proceeding, overruled plaintiff's motion to dismiss and ordered plaintiff to file his answer to the application for registration of the South Carolina judgment. Plaintiff filed his answer and again raised the issue of improper venue. On August 6, 1982, plaintiff Kohlbusch filed a petition for writ of prohibition in this court. On August 19, 1982, we issued a preliminary writ ordering defendant Eberwein to refrain from all action in this case until further order.[1]

■ We note at the outset that lack of venue is a defect which authorizes the issuance of prohibition. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979); *State ex rel. Hails v. Lasky,* 546 S.W.2d 512, 514 (Mo.App.1977). Further, plaintiff here did not waive venue. This case is entirely dissimilar from *Jones v. Church,* 252 S.W.2d 647 (Mo.App.1952), cit-

S.W.2d 56, 58 (Mo.App.1958). Plaintiff had the remedy of appeal, but sought the remedy of prohibition against the associate circuit judge in this court rather than in the circuit court. It was with great reluctance that we granted the preliminary writ. However, with the obvious uncertainty of the law, we believed that it was of public importance that the judiciary and bar receive guidance in this area.

**685**

ed by defendant to support his contention that plaintiff has waived venue. In that case, the appellant raised the issue of venue for the first time on appeal from the trial court's adverse judgment on the merits. This court held that appellant had waived venue because he had failed to bring his objection to light before entering a general appearance. In this case, the plaintiff objected to venue at the same time he moved for a continuance. Further, he renewed his objection to venue in his answer to the application for registration of the judgment. He did not waive venue. *See Hayes v. Elmer,* 161 S.W.2d 25 (Mo.App.1942).

Having determined that prohibition is the proper remedy and that plaintiff did not waive venue, we must now determine whether venue was improper. Determination of that issue depends upon whether the general venue statute, § 508.010, RSMo. 1978, applies to the registration of foreign judgments. If so, venue lies in Gasconade rather than St. Louis County, and we will make our preliminary writ absolute. This issue is apparently one of first impression. Neither party has cited any authority to directly support his position, and our independent research disclosed no authority on point from this or any other jurisdiction.

Crucial to our determination of this issue is the following language of § 511.760.2:

On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction in such action.

Defendant contends that this language requires only that the court have subject matter jurisdiction over the case and that venue is relevant. In support of this contention, he argues that, in enacting the Uniform Enforcement of Foreign Judgments Law, our legislature intended to provide a summary means of collecting foreign judgments as an alternative to the process of suing in debt on the foreign judgment. Therefore, he argues, the legislature intended that the venue statute should not apply to the registration of foreign judgments under the act. We find the defendant's argument unpersuasive.

There is nothing in the language of the Uniform Law that suggests that the legislature intended that the venue statute should not apply. While the Uniform Law does not explicitly state that the general venue statute applies, it does state that a foreign judgment may be registered in any court having jurisdiction. Further, the statute provides that summons shall be issued and served upon the judgment debtor "in any manner authorized by the law of this state for obtaining jurisdiction of the person." § 511.760.4, RSMo. 1978. Thus, we find that the legislature intended that foreign judgments be registered in courts having both subject matter jurisdiction and jurisdiction over the person of the defendant. Proper venue is necessary before service of process confers jurisdiction over the defendant. If service is not accomplished in a manner provided by law, a court is without authority to proceed. *Cantrell v. Farris,* 621 S.W.2d 380, 381 (Mo.App.1981); *State ex rel. Rhine v. Montgomery,* 422 S.W.2d 661, 664 (Mo.App.1967). Further, the general venue statute applies to every suit brought by summons "except as otherwise provided by law ...," § 508.010, RSMo. 1978. Registration of a foreign judgment is a suit brought by summons except when the registration is used solely as a means to levy on property. § 511.760.-4–.6, RSMo. 1978.

We find that the general venue statute does apply to the registration of foreign judgments under the Uniform Law and, therefore, proper venue for the registration of the foreign judgment lies only in Gasconade County. The Circuit Court of St. Louis County does not have jurisdiction over the person of the defendant and, therefore, has no authority to proceed in this matter. We make our preliminary writ permanent and absolute and order defendant to dismiss this action and to refrain from proceeding further in this case.

CRANDALL, P.J., and CRIST, J., concur.