**Dan RAY, Plaintiff-Respondent,**

v.

**LAKE CHEVROLET–OLDSMOBILE, INC., Defendant-Appellant.**

No. 14230.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 18, 1986.

William F. Washburn, Quigley & Washburn, Eldon, for defendant-appellant.

Duane E. Schreimann, Hendren & Andrae, Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

Defendant Lake Chevrolet-Oldsmobile, Inc., a Missouri corporation, appeals from an order of the Circuit Court of Camden County denying its motion to set aside a default judgment, in the amount of $13,500, entered by that court against it and in favor of plaintiff Dan Ray. Defendant's motion attacked the default judgment on the ground of improper venue. For the reasons which follow, this court holds that the venue was improper and that the trial court erred in not vacating the judgment.

The significant events are as follows:

August 24, 1984—Plaintiff Ray filed the petition in the Circuit Court of Camden County. The caption of the petition, immediately below the name of the defendant, stated: "Serve: M. F. Selden, Registered Agent, Eldon, Missouri 65026, Miller County." Although portions of the petition will be quoted later, the petition alleged that defendant misrepresented the condition of a 1978 Cadillac which plaintiff purchased from defendant on October 13, 1983 and sought recovery of actual and punitive damages and attorney's fees.

August 28, 1984—Summons issued.

September 7, 1984—The sheriff of Miller County served a copy of the petition and summons on the defendant, in Mil-

ler County, "by handing a copy to M. F. Selden."

November 7, 1984—"Interlocutory default judgment" was entered in favor of plaintiff and against defendant and the case was set for hearing on November 19, 1984 "on the issue of damages."

November 19, 1984—Judgment was entered in favor of plaintiff and against defendant for $4,000 actual damages, $8,000 punitive damages and $1,500 attorney's fees and costs. The judgment recited that on this date plaintiff appeared in person and by his attorney and "the court finds that defendant was heretofore served on September 7, 1984, and failed to file any responsive pleadings." The judgment also recited that evidence was heard which supported the allegations of the petition.

January 11, 1985—General execution issued.

February 5, 1985—Defendant filed a "motion to set aside judgment for irregularity," accompanied by affidavit of M. F. Selden.

February 12, 1985—Trial court denied the motion.

With leave of this court defendant filed a late notice of appeal from the order of February 12, 1985.

When, as here, a corporation is the sole defendant, § 508.040[1] applies in determining venue. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824[5] (Mo. banc 1979). Under that statute suit against the defendant corporation "shall be commenced either in the county where the cause of action accrued ... or in any county where [defendant corporation] shall have or usually keep an office or agent for the transaction of [its] usual and customary business."

The allegations of the petition which directly or indirectly touch matters affecting venue include the following:

"1. Plaintiff is a resident of Camden County, Missouri; and [Defendant] is a corporation organized under the laws of the State of Missouri, and has a business office and principal *place of business at 327 South Maple, Eldon, Miller County,* Missouri, and deals in buying and selling, and servicing new and used automobiles.

2. On or about October 13, 1983, Plaintiff, upon both hearing and viewing Defendant's car advertisements, went *to its place of business* for the purpose of buying an automobile and spoke with Defendant's agent, Tom Proctor, and told him that he wished to purchase an automobile.

3. At all times material herein, Tom Proctor and Joe Selden were agents ... of Defendant, and were acting within the scope of their employment.

4. Defendant's agent, Tom Proctor, took Plaintiff to Defendant's car lot and showed Plaintiff a 1978 Cadillac, ... which Plaintiff subsequently purchased from Defendant by trading to Defendant a 1982 Oldsmobile....

5. Defendant's agents, Tom Proctor and Joe Selden, stated, affirmed and indicated to Plaintiff that the aforesaid automobile was in good working condition and a quality used vehicle.

.    .    .    .    .

8. *At the time aforesaid,* when Defendant and Defendant's agents made the aforesaid and hereafter enumerated statements ... Defendant's agents knew such statements ... were false....

.    .    .    .    .

14. *At the time aforesaid* when ... Defendant's agent made the aforesaid ... statements ... Defendant's agent knew such statements ... were false." (Emphasis added.)

The affidavit of M.F. Selden, which was attached to and incorporated in the motion and which was uncontroverted, stated, in essence: "Affiant is the president of [defendant]; on or about October 13, 1983, *"the"* place of business of [defendant] was

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

at 327 South Maple, *Miller County*, Missouri; 'any and all acts of (sic) transaction involving a trade-in and purchase of a vehicle, including *delivery* thereof and with by (sic) Dan Ray and his wife, Ella Ray, occurred on, near or at defendant's place of business at 327 South Maple, Eldon, Miller County, Missouri'; at no time did defendant or any of defendant's agents have an occasion to conduct or transact any business or make any statements about, by or to plaintiff Dan Ray or his wife outside of Miller County, Missouri." (Emphasis added.)

Rule 74.32 reads: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof."

Although defendant's brief in this court relies, at least in part, on Rule 74.32, that rule was not cited in defendant's motion to set aside the judgment. A motion which is based solely on Rule 74.32 must be based "upon an irregularity which is patent on the face of the record, and not one depending upon proof of fact dehors the record." *Murray v. United Zinc Smelting Corp.*, 263 S.W.2d 351, 354[2] (Mo. 1954). To similar effect see *Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985); *Walsh v. Walsh*, 652 S.W.2d 274, 275 (Mo.App.1983); *Korn v. Ray*, 434 S.W.2d 798, 801–02 (Mo.App. 1968).

In order for defendant's motion to have merit as a Rule 74.32 motion, the fact that the venue is improper must be "patent" on the face of the record, unaided by the Selden affidavit. On the other hand, "if an error of fact is stated which may be demonstrated by extrinsic evidence, a motion may be also treated as one in the nature of a writ of error coram nobis. It is permissible to present both of the issues in the same motion." *Murray v. United Zinc Smelting Corp.*, supra, at 354. If the validity of defendant's motion depends on facts outside the record, and if those facts appear in the Selden affidavit, the motion may be treated as an application for a writ of cor-

am nobis. *Germanese v. Champlin*, 540 S.W.2d 109, 111[1] (Mo.App.1976).

"Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case." *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983). "[A]lthough a defendant may waive venue and personal jurisdiction when he is before the court but fails properly to raise the issues, there is no such waiver when: 1) he makes no appearance and is thus not before the court or 2) he is before the court but properly raises the issue." Id. at 88[4].

If there was no venue in Camden County, the court acquired no jurisdiction over defendant. *Maxey v. Wenner*, 686 S.W.2d 862, 864 (Mo.App.1985). "[A] court which acts when venue is not proper has acted in excess of its jurisdiction." *State ex rel. Wasson v. Schroeder*, 646 S.W.2d 105, 106 (Mo. banc 1983).

Does the record, on its face, show that there was no proper venue in Camden County, thereby entitling defendant to Rule 74.32 relief? This inquiry must include an examination of the petition which, like all other pleadings, "shall be so construed as to do substantial justice." Rule 55.24.

The petition, reasonably construed, alleges facts showing that the cause of action accrued in Miller County. The petition alleges that the defendant "[has] a business office and principal place of business at 327 South Maple, Eldon, Miller County, Missouri," that defendant "deals in buying and selling ... new and used automobiles," and that on October 13, 1983, plaintiff went "to [defendant's] place of business" for the purpose of buying an automobile and spoke with defendant's agent Tom Proctor.

A reasonable construction of the petition is that the place of business referred to in paragraph 2 is the same place of business referred to in paragraph 1. In addition to alleging that Proctor and Selden, as agents

of defendant, made false statements to the plaintiff concerning the condition of the Cadillac, paragraphs 8 and 14 of the petition both allege that those statements were made "at *the time* aforesaid." Thus the petition alleges that the fraudulent representations were made on October 13, 1983, when plaintiff visited defendant's place of business in Miller County.

The petition contains no allegation that the defendant had an office or agent in Camden County. The petition mentions only the place of business which the defendant had in Miller County and that place of business is where the transaction and the alleged misrepresentations took place. It is a reasonable, if not inescapable, conclusion that the petition on its face shows that Miller County was the only proper venue and that defendant was entitled to relief from the default judgment on the basis of Rule 74.32. It is, however, unnecessary to make that determination because, viewing the motion, together with Selden's affidavit, as one in the nature of error coram nobis, *Murray v. United Zinc Smelting Corp.*, supra, this court finds that defendant was entitled to relief.

■ "Under Rule 55.28, affidavits may be offered as evidence on motions, but, as in the case of oral evidence, the trial court can believe or disbelieve the statements made in such affidavits. *Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978)." *Flegel v. Holmes*, 614 S.W.2d 779, 780[3] (Mo. App.1981). On the other hand, since the affidavit accompanying defendant's motion was undenied, it constituted competent evidence as to the facts stated therein, *Kingsley v. Burack*, 536 S.W.2d 7, 9[1] (Mo. banc 1976); *Litzinger v. Pulitzer Pub. Co.*, 356 S.W.2d 81, 87[2] (Mo. 1962), and this court has the authority to find that the trial court's denial of defendant's motion is against the weight of the evidence, so long as this court does so "with caution and with a firm belief that the decree or judg-

ment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32[2] (Mo. banc 1976).

The Selden affidavit states, in effect, that the entire transaction, including the making of the alleged false statements, took place in Miller County. The affidavit states that *"the"* place of business of defendant was at Eldon in Miller County. Neither the petition nor Selden's affidavit specifically states whether or not defendant "has or usually [keeps] an office or agent for the transaction of [its] usual and customary business" in Camden County, but the only reasonable construction of the two documents is that it does not do so. The caption of the petition contained instructions to serve the process in Miller County and such was the only service attempted.

Plaintiff's brief treats defendant's motion as one based solely on Rule 74.32 and ignores the fact that this court may treat the motion as an application for coram nobis relief. Plaintiff's brief, which makes no claim that defendant had an office or agent in Camden County, states: "Venue herein lies where the cause of action accrued, which is where the disputed vehicle was delivered.[2] *The petition is silent as to the county of delivery.*" (Emphasis added.) A sufficient answer to that statement is that Selden's uncontroverted affidavit states that the delivery of the Cadillac took place in Miller County at defendant's place of business.

■ This court holds that, by reason of improper venue, the Circuit Court of Camden County had no jurisdiction over the person of the defendant and that the trial court erred in denying defendant's motion. The order of February 12, 1985, is reversed and the cause remanded with directions to the trial court to vacate the judgment of November 19, 1984, and to dismiss the proceeding.

**2.** In *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85 (Mo. banc 1983), cited by plaintiff, fraudulent representations as to the condition of a vehicle were made in Audrain County by the seller. The signing of the contract and delivery of the vehicle later took place in Lincoln County. The court held that "the fraud continued and was completed at the place of delivery; hence venue was properly in Lincoln County." Id. at 89.

MAUS, PREWITT and CROW, JJ., concur.

HOGAN, P.J., concurs and files concurring opinion.

HOGAN, Presiding Judge, concurring.

I concur in the principal opinion, but feel compelled to state my views—as mine only—and to say that I would remand the cause for hearing. I am in complete agreement that § 508.040, RSMo 1978, applies. *State ex rel. Allen v. Barker*, 581 S.W.2d 818, 824[5] (Mo. banc 1979). I continue to believe that *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62 (banc 1956), states a rule of *jurisdiction*, not mere want of proper venue, and for that reason the judgment is wholly void. *State ex rel. Boll v. Weinstein*, 365 Mo. at 1182–84, 295 S.W.2d at 65–66. And, as I understand *Weinstein*, the defendant waived nothing by simply staying out of court, because the court had no jurisdiction whatever.

However, as I read *Barney v. Suggs*, 688 S.W.2d 356, 358[4–8] (Mo. banc 1985), the motion in the nature of a writ of error coram nobis is treated as a *new* and *independent* proceeding, as this court held many years ago *In Re Jackson's Will*, 291 S.W.2d 214, 219–20 (Mo.App.1956). Here the majority would void the judgment on the basis of one affidavit. I grant that I am as firmly held and bound as the majority by what was said in *Kingsley v. Burack*, 536 S.W.2d 7, 9[1] (Mo. banc 1976), but a motion in the nature of coram nobis by definition requires proof "dehors the record," *Murray v. United Zinc Smelting Corp.*, 263 S.W.2d 351, 354 (Mo.1954), and was, by the older cases viewed as "calling for extrinsic evidence...." *Crabtree v. Aetna Life Ins. Co.*, 341 Mo. 1173, 1181, 111 S.W.2d 103, 106[1–4] (1937). I also concede that any species of proof is "evidence" but in light of what was said in *Barney* and *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984), the appeal is from the judgment on the *motion*. Thus the merits of the whole proceeding, hide, hooves and tallow, turn upon one uncontroverted affidavit. "Judicial economy" is the order of the day, but I am nonetheless hesitant to let the matter ride off on one affidavit. I reluctantly concur.