**HBE LEASING CORPORATION, Plaintiff–Appellant,**

v.

**Albert S. ECKILSON, Jr., Defendant–Respondent.**

**No. 15610.**

Missouri Court of Appeals, Southern District, Division Two.

April 18, 1989.

Thomas W. Hoft, Asst. Corporate Counsel, St. Louis, for plaintiff-appellant.

R. Jack Garrett, Garrett & Ray, West Plains, for defendant-respondent.

HOGAN, Judge.

Plaintiff HBE Leasing Corporation sought to register and enforce a foreign judgment under the provisions of § 511.760, RSMo 1986, and former Rule

74.79,[1] now superseded. Judgment on the petition to register and enforce the foreign judgment was entered on March 4, 1987. On September 9, 1987, defendant filed a motion to set the judgment aside for irregularity pursuant to former Rule 74.32, now superseded. On January 6, 1988, defendant's motion was sustained and registration of the judgment was set aside. The plaintiff has appealed. We affirm.

■ The record laid before us is singularly uninformative. The legal file consists of papers culled from the trial court's file and some trial briefs. The transcript consists entirely of the parties' arguments addressed to the court on November 4, 1987. There is not a single word of testimony in the entire record, and neither party has complied with Rule 84.04(c). Nevertheless, some recitation of the background facts, as we are given to understand them, is necessary to a coherent disposition of the appeal. As a preliminary matter, we may say that a motion made under former Rule 74.32 was considered to be a new and independent proceeding, from which an appeal would lie. *Norman v. Young,* 301 S.W.2d 820, 822 (Mo.1957); *Audsley v. Hale,* 303 Mo. 451, 463, 261 S.W. 117, 121[3] (1924); *In re Jackson's Will,* 291 S.W.2d 214, 220 (Mo. App.1956). No evidence was presented on the motion; no findings on the issues tendered by the motion were requested and none were volunteered. We must affirm the judgment if it is correct under any reasonable theory. *Jensen v. Borton,* 734 S.W.2d 580, 584[2] (Mo.App.1987); *Telge v. Telge,* 677 S.W.2d 403, 405 (Mo.App.1984).

On November 12, 1986, the plaintiff filed a verified petition in the Circuit Court of Ozark County, Missouri, seeking registration of a Florida judgment. The judgment was that plaintiff have and recover the sum of $67,963.98 from defendant and two Florida corporations, together with attorneys' fees in the amount of $5,000.00 and costs in the amount of $608.53 for a total of $73,572.51. The Florida court had entered judgment against defendant and two Flor-

ida corporations but the plaintiff sought to enforce the judgment only as to the defendant. The judgment was certified by a deputy clerk of the Florida court, but it was not authenticated as required by § 511.760, RSMo 1986, and former Rule 74.79(c). The judgment is attached to and incorporated in a verified petition executed by one Bruce D. Horton as president of HBE Leasing Corporation. The petition states that the defendant's last known address is: "c/o James & Carline Bower, 671 Palm Drive, Oviedo, FL 32765." Prayer of the petition is that: 1) the Florida judgment be registered in the Circuit Court of Ozark County, and 2) that the Florida judgment be given full faith and credit and be recognized as a judgment of the State of Missouri.

Upon receipt of the verified petition and the certified copy of the Florida judgment, the Circuit Clerk of Ozark County attempted to obtain service upon the defendant several times. A copy of the summons and the petition, which included the judgment, was sent to the defendant in Florida by registered mail. The return receipt indicates the defendant received a copy of the summons and petition on November 21, 1986. On November 17, the Circuit Clerk of Ozark County sent a Summons for Personal Service Outside the State of Missouri, together with a copy of the petition, to the Sheriff of Seminole County, Florida, for service on the defendant. The Sheriff of Seminole County, Florida, returned this second summons non est, stating that: "The subject presently resides in Kansas City, MO. His Corporate address is, Signum Corp., 250 Richard Dr., Suite 250, Kansas City, MO."

On December 11, 1986, summons was again issued and mailed to Jackson County, Missouri, for service. The summons was returned with the statement that defendant's address was in Clay County. On December 18, 1986, a summons and copy of the petition was sent to Clay County for service. We find no affidavit, as required

**1.** References to statutes are to RSMo 1986 and Missouri Rules of Court (18th ed. 1987) except where otherwise specifically noted.

by Rule 54.16, stating why personal service could not be had on the defendant in Clay County. For reasons which do not clearly appear of record, the Sheriff of Clay County served the defendant by mail.

On February 28, 1987, plaintiff filed an additional "Motion for Registration of Foreign Judgment," in effect amending his original petition by reciting that:

"The Circuit Clerk of Ozark County, Missouri sent by registered mail, restricted delivery, a summons and a copy of the Verified Petition to Albert S. Eckilson, Jr. at his last known address as of the date of the filing of the Verified Petition. Albert S. Eckilson, Jr. received said summons and attachment on November 21, 1986, as evidenced by the domestic return receipt signed by him and filed in the office of the Circuit Clerk, Ozark County, Missouri. A copy of said domestic return receipt is attached hereto and made a part hereof as Exhibit 'B.'"

The exhibit referred to is the return receipt showing that the defendant had received a copy of the first summons, which was sent to Florida. The motion further recites that as of February 23, 1987, defendant had not filed an answer nor entered an appearance, and no part of the Florida judgment had been satisfied.[2] On March 4, 1987, at the request of plaintiff's attorney, the trial court entered this order:

"Verified Petition for Registration of Foreign Judgment filed and presented and having been duly and fully considered, the Court finds said judgment to be in proper form. It is accordingly ordered and adjudged by the Court that the final judgment dated April 3, 1986 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in the sum of $73,572.51, together with interest and costs incurred in this action, is hereby registered in this Court as prayed for by Petitioner.

It is further ordered and adjudged that said registered judgment is a final judg-

ment quasi in rem of this Court, binding upon the Respondent's interest in property levied upon."

On March 5, 1987, by letter, plaintiff's attorney requested that execution issue on the judgment registered on March 4. The attorney advised the clerk that he was enclosing a description of the land upon which the plaintiff wished to levy.

The legal file indicates that a general execution issued in favor of the plaintiff on March 26, 1987. Execution upon a tract of real property located in Ozark County was levied on April 27, 1987, as provided by Rule 76.06(a). A paper entitled "Sheriff's Sale," apparently intended as a notice of sale, appears in the file, but no notice of sale, as required by Rule 76.16, appears to have been published. The legal file shows that a "Notice to Person Whose Land is Levied Upon" was mailed to Eckilson at his corporate address on May 5, 1987. On June 2, 1987, another writ of summons was issued by the Clerk of the Circuit Court of Ozark County for service in Ozark County. This summons was returned non est on June 3, 1987. In its brief, the plaintiff recites that the Bank of Gainesville, Missouri, filed a separate suit alleging it was entitled to an equitable mortgage on the real property which was to be sold on execution. It is further stated that the trial court issued a temporary restraining order on June 2, 1987, which prevented sale of the property. There are no documents or entries in the record which indicate the nature of the proceeding commenced by the Bank of Gainesville. On September 9, 1987, defendant Eckilson filed a motion to set aside the judgment of March 4. The motion was argued on November 4, 1987, and on January 6, 1988, the trial court set aside its registration of the Florida judgment.

In this court, the plaintiff argues that: 1) the trial court improperly sustained the defendant's motion to set aside the judg-

---

2. At this time, the plaintiff also filed an authenticated copy of the Florida judgment, as required by paragraph (c) of former Rule 74.79. We assume, on the authority of *Gerace v. Conley,* 665 S.W.2d 377, 379 (Mo.App.1984), that presentation of an authenticated copy of the Florida judgment before the judgment was registered in Ozark County was sufficient to satisfy the requirements that an authenticated copy of the judgment be filed.

ment of March 4, 1987, because that judgment was not irregular within the meaning of Rule 74.32, now superseded, and 2) "[e]ven if the final judgment *quasi in rem* was properly set aside, the registration of the foreign judgment should not have been set aside by the trial court because the foreign judgment was properly registered pursuant to the Uniform Enforcement of Foreign Judgments Law." We conclude the judgment was irregular in at least two respects and that the order of registration was properly set aside.

We undertake no general discussion of the 1948 version of the Uniform Enforcement of Foreign Judgments Act, 13 U.L.A. 183 (1986). This statute was enacted by the General Assembly in 1951, Laws of Mo.1951, p. 358, and was codified as § 511.760, RSMo 1959. The statute was superseded by the promulgation of former Rule 74.79. Both the statute and the rule were superseded by the promulgation of present Rule 74.14 on May 22, 1987, effective January 1, 1988. Present Rule 74.14 is in substance the 1964 version of the Uniform Enforcement of Foreign Judgments Act, 13 U.L.A. 152, but we are not concerned with the 1964 Act on this appeal.[3]

The operation of the 1948 Act was succinctly explained in *Beneficial Finance Company v. Yellow Transit Freight Lines, Inc.*, 450 S.W.2d 222, 225 (Mo.App. 1969), thus:

"... The initial step toward the enforcement of a foreign judgment ... is taken by applying for its registration in an appropriate court of this state.... *Once the judgment has been registered, a levy of execution may issue upon it, although sale under the levy is postponed until the judgment debtor has had the opportunity, after service of process, to assert whatever defenses he may have to the enforcement of that judgment.... If the defendant defaults, or should the defenses which he*

*has asserted not be sustained, the registered judgment becomes a final judgment of that court in which it is registered.... The judgment thus rendered is binding either in personam or quasi in rem, according to the kind of service had upon the defendant ...."* (Emphasis added.)

The court then further noted that when Subsection 6 of the Act (§ 511.760.6; paragraph (f) of former Rule 74.79) is considered together with Subsection 1[3] thereof (§ 511.760.1(3); subparagraph (a)(3) of former rule 74.79), it is clear that execution may issue at once upon registration of the foreign judgment. The court held, 450 S.W.2d at 225:

"The Act does not deal with gross causes of action, but only with judgments entitled to full faith and credit.... *Although full enforcement of the judgment under the Act, as by sale under the levy, must await final judgment, liminal enforcement of the judgment is authorized at once upon registration by the levy of execution.* By that levy, the judgment creditor not only creates a lien upon the property and rights of the judgment debtor, *but establishes the priority of his lien ...."* (Emphasis added.)

It is therefore apparent that the 1948 Act, to some extent, puts the cart before the horse, if we may be permitted a cliché. The issuance of execution is authorized as soon as the judgment is registered, but enforcement of the execution is postponed until the judgment debtor has had the opportunity, after service of process, to assert whatever defenses he may have to the enforcement of that judgment. And, while the underlying validity of the claim which gave rise to the judgment in the state of its rendition may not be questioned, there are defenses which may be asserted in the state where registration is sought. *Bittner v. Butts*, 514 S.W.2d 556, 559 (Mo.

---

**3.** An authoritative article dealing with the history and content of the 1948 Act appears in an article written by Dean Robert A. Leflar in 1949. The article, entitled The New Uniform Foreign Judgments Act, 24 N.Y.U.L.Q.Rev. 336 (1949), is reprinted in 3 Ark.L.Rev. 402 (1949). Dean Leflar also discusses both the 1948 and 1964 Acts in his conflicts of law text. R.A. Leflar, American Conflicts Law § 78, pp. 155–58 (1977). We have referred to these discussions for guidance. See also Annot., 72 A.L.R.2d 1255 (1960).

1974); *Adamson v. Harris*, 726 S.W.2d 475, 477–78 (Mo.App.1987).

To expand a little on what we have just said, paragraph (d) of former Rule 74.79 provided that at any time *after* registration of the judgment, the petitioner (plaintiff) was entitled to have summons issued and served on the judgment debtor as in an action brought upon a foreign judgment, in any manner authorized by the law of this state for obtaining jurisdiction of the person. Paragraph (e) provided that if jurisdiction of the person of the judgment debtor could not be obtained, a notice clearly designating the foreign judgment and reciting the fact of registration, the court in which it was registered and the time allowed for pleading should be sent by the clerk of the registering court by registered mail to the last known address of the judgment debtor. Proof of such mailing was to be made by the certificate of the clerk.

Paragraph (h) of former Rule 74.79 provided that any defense, set-off or counterclaim which under the law of this state might be asserted by the defendant in an action on a foreign judgment [4] might be presented by appropriate pleadings and the issues raised thereby should be tried and determined as in other civil actions. Such pleadings were to be filed within 35 days after personal jurisdiction was acquired or within 35 days after the mailing of the notice prescribed in paragraph (e).

Paragraph (*l*) of former Rule 74.79 provided that if personal jurisdiction of the judgment debtor were not secured within 30 days after the levy and the judgment debtor had not, within 35 days after the mailing of the notice prescribed by paragraph (e), acted to set aside the registration or to assert a set-off or counterclaim, the registered judgment should be a final judgment quasi in rem of the court in which it was registered, binding upon the judgment debtor's interest in the property levied upon, and the court was to enter an order to that effect.

Compliance with the statutory procedure has been regarded as being mandatory. In *American Industrial Resources, Inc. v. T.S.E. Supply Co.*, 708 S.W.2d 806 (Mo. App.1986), the court had to consider the effect of an unverified petition for registration of a foreign judgment in an action under § 511.760 and former Rule 74.79. The court stated as a general principle that:

> "The traditional concept of subject matter jurisdiction in a statutory proceeding is that strict compliance with the statutory requirements set out by the legislature is necessary to confer subject matter jurisdiction upon the trial court. Restated, where a trial court's subject matter jurisdiction arises solely by statutory creation, absent conformity with the statute, no such jurisdiction exists in the trial court."

*American Industrial Resources, Inc. v. T.S.E. Supply Co.*, 708 S.W.2d at 808. The court went on to hold that an unverified petition would not confer jurisdiction upon the trial court in a proceeding under § 511.760 or former Rule 74.79. We also note that the framers of the uniform act from which § 511.760 and former Rule 74.-79 were taken considered careful compliance with the statutory provisions necessary to avoid constitutional infirmity in a proceeding to register a foreign judgment. See R.A. Leflar, supra, n. 2, 3 Ark.L.Rev. at 410–11. In the case at hand, the prescribed statutory procedure was not followed.

■ In the first place, paragraphs (d) and (e) of former Rule 74.79 provided that the judgment debtor was entitled to service of summons or to notice if jurisdiction of his person could not be obtained, *after*, as we have noted, the foreign judgment was registered. There was an ineffective service of summons upon the defendant before the judgment was registered. A notice was mailed to the defendant in Florida when the petition for registration was filed. However summons was served before the judgment was registered and no notice rea-

4. For a discussion of such defenses, see R. Sedler, Recognition of Foreign Judgments and De- crees, 28 Mo.L.Rev. 432, 444–66 (1963).

sonably conforming to that required by paragraph (e) of former Rule 74.79 was given. The defendant was not given an opportunity to present what defenses he may have had upon summons or notice after registry of the Florida judgment. Therefore, the statute was not complied with, and in our view, the trial court lacked jurisdiction of the subject matter of the action.

 However that may be, we believe the venue of the action was improper and the judgment was correctly set aside for that reason. In *Kohlbusch v. Eberwein*, 642 S.W.2d 683, 685 (Mo.App.1982), the court held that the general venue statutes applied to proceedings under § 511.760 and former Rule 74.79. We should note that we do not read the *Kohlbusch* decision as does the plaintiff. Plaintiff would interpret *Kohlbusch* to hold that the general venue statutes did not apply to actions under § 511.760 and former Rule 74.79 when registration was used solely as a means to levy on property. We read the decision as holding that the general venue statutes applied to an action under § 511.760 and former Rule 74.79 even though § 511.760 and former Rule 74.79 did not explicitly so state. *Kohlbusch v. Eberwein*, 642 S.W.2d at 685. In any event, the plaintiff's purpose here was not solely to "levy" upon the real property as the term "levy" was defined in subparagraph (a)(3) of former Rule 74.79.

In *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88 (Mo. banc 1983), our Supreme Court held, among other things, that proper venue is necessary before service of process will confer jurisdiction over the person of the defendant. The court also held that although a defendant may waive venue and personal jurisdiction when he is before the court but fails properly to raise the issues, there is no such waiver when: 1) he makes no appearance and thus is not before the court or 2) he is before the court but properly raises the issues. *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d at 88; *Ray v. Lake Chevrolet–Oldsmobile, Inc.*, 714 S.W.2d 928, 930 (Mo.App. 1986).

Here, no evidence was presented, so the question is much the same as that presented in the *Ray* case. In that case, the court relied on an uncontroverted affidavit to show that the venue of the action was in Miller, rather than Camden County. In this case, the sheriff's return on two writs of summons indicated the proper venue was Clay County. The recitals of those returns as to collateral matters were not conclusive, but they were prima facie evidence of what was stated, *Hill–Behan Lumber Co. v. Sellers*, 149 S.W.2d 465, 467 (Mo.App.1941), and the recital of venue as being in Clay County was never contradicted. The plaintiff himself averred that the defendant had never appeared, and the record, such as it is, indicates that the defendant entered no appearance in the Circuit Court of Ozark County at any time. Inasmuch as the want of proper venue appears on the face of the record, the judgment was properly set aside as being irregular. See *Ray v. Lake Chevrolet–Oldsmobile, Inc.*, 714 S.W.2d at 931[4].

The defendant's motion to dismiss the appeal, which was ordered taken with the case, is denied.

FLANIGAN, P.J., and MAUS, J., concur.