Walter L. BELLEVILLE, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. 74361.

Supreme Court of Missouri,
En Banc.

March 24, 1992.

William L. Webster, Atty. Gen., Jatha B.
Sadowski, Van M. Pounds, Sp. Asst. Attys.
Gen., Jefferson City, for appellant.

Bernard Edelman, Clayton, for respondent.

HOLSTEIN, Judge.

The Director of Revenue administratively
suspended Walter L. Belleville's driver's
license. § *302.505*.[1] Belleville petitioned
the Circuit Court of St. Louis County for a

1. All references to statutes are to RSMo 1986.

trial *de novo* to review the suspension. § *302.535*. The trial court reinstated Belleville's driver's license. Following an opinion by the Missouri Court of Appeals, Eastern District, the case was transferred to this Court pursuant to Rule 83.02. The judgment is reversed.

On appeal, the Director argues that blood alcohol content may be established by a written "test report" admitted as a business record under § 490.680. As intriguing as that question is, the record presented on appeal is so sparse and contradictory that it is impossible to make a disposition on the merits of the Director's claim.

A fundamental contradiction exists between the verbatim transcript of the record and the pre-printed form used by the trial judge to record what purports to be his order. In the transcript, the case was called by the trial judge. Belleville, his attorney, and the Director's attorney were present. The Director called the police officer who had arrested Belleville to the witness stand and had the witness sworn. At that point Belleville's lawyer interrupted, stating that he would be objecting to any attempts to introduce business records. After a colloquy with the trial judge, he stated, "[I]f they do not have the breath test operator present, then I would move to dismiss for failure to prosecute." After confirming that the breath test operator was not present, the trial judge stated, "I'll grant your motion."

The trial judge apparently uses a pre-printed form to enter orders relating to hearings under § 302.535. The form has a number of blocks or squares. Next to each block is a statement indicating some court action. In this case, three blocks were marked with an "X." The first block marked indicated that "Petitioner announces ready. Respondent announces not ready." This is the first conflict with the written transcript. The second block

marked was next to a statement that was partly pre-printed and partly handwritten indicating, "Respondent confesses petitioner's petition for review for the reason that an essential witness fails to appear [the remainder was written by hand] and state is denied calling a custodian of a business record to establish the breath test of petitioner." That statement also is inconsistent with the transcript. The Director's attorney did not confess any allegations in Belleville's petition. There is a final block containing an "X" next to which is a printed statement indicating that the petitioner's driver's license is reinstated.

■ At the outset, a question arises as to what weight the Court is to accord the trial judge's written findings. As previously noted, the written findings are in conflict with the verbatim transcript. In particular, the findings that the Director's lawyer announced "not ready" and that the Director's lawyer confessed allegations of Belleville's petition are unsupported by the transcript. Because those findings are not supported by substantial evidence in the record, they must be disregarded. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The justification for refusing to accept the written findings is reinforced by the fact that they appear as part of a pre-printed form. Printed forms are often useful, but slavish devotion to forms occasionally leads to an exercise in forcing round pegs into square holes. That may have occurred here.

■ The real basis for the trial court's judgment was a dismissal for failure to prosecute.[2] Dismissal for failure to prosecute is a matter within the trial court's discretion which will be reversed only upon an abuse of discretion. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circum-

---

**2.** The use of the word "dismissal" seems anomalous. However, once the petition for a *de novo* review of an administrative license revocation is filed, the burden of proof is on the Director. § *302.535.1*. A failure of the Director to appear and present evidence in response to the petition would be the equivalent of a failure to prosecute, which would justify a judgment in favor of the petitioner. The trial judge and the parties understood what was meant by "dismissal" in the context of this record.

stances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* Based entirely on the transcript and the handwritten portion of the judge's order, it is apparent that the Director had no opportunity to present evidence. A dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial and is ready and willing to present evidence. In this case, the entry of judgment against the Director without a hearing was plain error.

Even if the findings in the judgment entry are placed on a footing equal to the verbatim transcript, the record presents irreconcilable contradictions. This Court's duty to dispose of the case on its merits presupposes a record and evidence upon which the Court can act with some degree of confidence and accuracy as to its conclusions. *In re Marriage of Jadwin,* 671 S.W.2d 9, 10 (Mo.App.1984). When a record is so obscure and ambiguous that the court cannot ascertain what final judgment would be just because it is impossible to determine what principles of law are applicable, then the case should be remanded for an appropriate presentation of the facts. *State ex rel. Highway Comm'n v. Hill,* 373 S.W.2d 666, 671 (Mo.App.1963).

Petitioner argues that ordinarily, appellate courts will not consider a trial court's rejection of evidence unless the complaining party makes a specific, definite offer of proof. *Frank v. Environmental Sanitation Management, Inc.,* 687 S.W.2d 876, 883 (Mo. banc 1985). However, the application of that rule presumes that evidence was rejected at an evidentiary hearing. Here the trial court precipitously terminated the proceeding without allowing the Director to present any evidence. Fundamental fairness dictates that the Director should have had a reasonable opportunity to call witnesses in support of his case, to present evidence and, if evidence is rejected, to make an appropriate offer of proof.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

ROBERTSON, C.J., RENDLEN, COVINGTON, BLACKMAR and THOMAS, JJ., and CHARLES SHANGLER, Special Judge, concur.

BENTON, J., not sitting.