**Hugh McCLURE, Jr., and Kathryn M. McClure, Plaintiffs-Respondents,**

**v.**

**Larry WINGO, Debra Federico, Mark Hilton and Vicki Hilton, Defendants-Appellants.**

**Nos. 19501, 19326.[1]**

Missouri Court of Appeals, Southern District, Division One.

Sept. 16, 1994.

Rehearing Denied Oct. 7, 1994.

Application to Transfer Denied Nov. 22, 1994.

Carson W. Elliff, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for defendants-appellants.

Gary L. Smith, Smith & Jackson, Lebanon, for plaintiffs-respondents.

MONTGOMERY, Judge.

Plaintiffs filed a petition to foreclose a deed of trust naming as Defendants, Larry Wingo, Debra Federico, and Mark and Vicki Hilton (Hiltons). On June 23, 1992, the Hiltons filed their answer and a counterclaim seeking damages from Plaintiffs because Hiltons' defective title to the subject real estate allegedly caused it to be unmarketable.

On September 15, 1992, a judgment was entered in Plaintiffs' favor granting them the relief requested in their petition. The judg-

---

1. After Hiltons appealed first in Case No. 19326, Plaintiffs filed a motion to dismiss the appeal as untimely. The motion was taken with the case. We now deny the motion for mootness because this court later granted Hiltons' motion for a special order permitting a late filing of the notice of appeal. Rule 81.07(a). Hiltons' second appeal was assigned Case No. 19501 and consolidated with the earlier appeal.

ment did not dispose of Hiltons' counterclaim.

Hiltons' counsel appeared at the June 16, 1993, law day in the Laclede County Circuit Court and requested that the counterclaim be set for trial. Counsel understood the court to announce that the case was set for trial on September 2, 1993, at 1 p.m. as the number three case. Counsel returned to Springfield, Missouri, and reported this trial date and time to another attorney in the law firm representing Hiltons. Both attorneys marked their calendars accordingly.

On the morning of September 2, 1993, Hiltons' counsel traveled to Lebanon, Missouri, to meet with his clients and a witness, Helen Siperko. Shortly after 11 a.m., Hiltons' counsel called the circuit clerk to determine if the case was still a number three setting. He was informed that the court had taken up the matter at 9 a.m. and Hiltons' counterclaim had been dismissed with prejudice.[2]

Five days later, Hiltons filed a motion to set aside the dismissal under Rule 74.06(b).[3] On December 14, 1993, the motion was denied. This appeal followed. We reverse and remand.

Prong (A) of Hiltons' single point relied on is dispositive of the appeal. Hiltons assert that the trial court's failure to set aside the dismissal was an abuse of discretion because the Hiltons were diligently pursuing a meritorious counterclaim, and they failed to appear at 9 a.m. only because their counsel mistakenly believed the case was set for trial later that day.

■ Hiltons' motion was supported by the affidavits of their counsel and their witness, Helen Siperko. These affidavits produce the facts just recited in view of Plaintiffs' failure to file counter-affidavits or any response to the motion. The supporting affidavits provided the trial court with competent evidence on which to decide the matter. *See McClelland v. Progressive Casualty Ins. Co.,* 790 S.W.2d 490, 492 (Mo.App.1990); *Dallas–Johnson Properties, Inc. v. Hubbard,* 823 S.W.2d 5, 6 (Mo.App.1991); Rule 55.28.[4] We must determine whether the trial court abused its discretion in denying the motion based on the circumstances of Hiltons' nonappearance at 9 a.m.

■ A dismissal for failure to prosecute is a matter within the trial court's discretion which will be reversed only upon an abuse of discretion. *State ex rel. Webster v. Lehndorff Geneva, Inc.,* 744 S.W.2d 801, 804 (Mo. banc 1988). "Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Belleville v. Director of Revenue,* 825 S.W.2d 623, 624–25 (Mo. banc 1992). Said another way, abuse of discretion means an untenable judicial act that defies reason and works an injustice. *Moore v. Bd. of Educ. of Fulton School,* 836 S.W.2d 943, 948 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1270, 122

---

2. The docket entry of September 2, 1993, recites, "Defendant counterclaim ordered dismissed with prejudice for failure to prosecute."

3. Rule references are to Missouri Rules of Court (1994) unless otherwise indicated.

4. The procedural posture of this case is strikingly similar to *Ray v. Lake Chevrolet–Oldsmobile, Inc.,* 714 S.W.2d 928 (Mo.App.1986), which involved a motion to set aside a default judgment on the ground of improper venue. The motion in *Ray* was supported by an affidavit stating facts relating to proper venue. There, as here, the trial court denied the motion without a hearing even though the affidavit was uncontroverted. This Court reversed and said:

"Under Rule 55.28, affidavits may be offered as evidence on motions, but, as in the case of oral evidence, the trial court can believe or disbelieve the statements made in such affidavits. *Cloyd v. Cloyd,* 564 S.W.2d 337, 343 (Mo.App.1978)." *Flegel v. Holmes,* 614 S.W.2d 779, 780[3] (Mo.App.1981). On the other hand, since the affidavit accompanying defendant's motion was undenied, it constituted competent evidence as to the facts stated therein, *Kingsley v. Burack,* 536 S.W.2d 7, 9[1] (Mo. banc 1976); *Litzinger v. Pulitzer Pub. Co.,* 356 S.W.2d 81, 87[2] (Mo.1962), and this court has the authority to find that the trial court's denial of defendant's motion is against the weight of the evidence, so long as this court does so "with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron,* 536 S.W.2d 30, 32[2] (Mo. banc 1976). *Id.* at 931.

L.Ed.2d 666 (1993). Furthermore, " 'the discretion not to set aside is a good deal narrower than the discretion to set aside.' " *Gibson by Woodall v. Elley*, 778 S.W.2d 851, 853–54 (Mo.App.1989) (quoting *First Missouri Bank of St. Francois County v. Patterson*, 696 S.W.2d 800, 801 (Mo.App.1985)). Thus, an appellate court is more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. *Id.*

In *Belleville*, the Supreme Court held that "[a] dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial and is ready and willing to present evidence." 825 S.W.2d at 625. Applying the *Belleville* holding here, the record is clear that Hiltons' conduct met all the requirements to avoid a dismissal except for mistakenly appearing four hours late for trial. The question is whether *Belleville* convicts the trial court of abuse of discretion. For several reasons, we believe it does.

First, we are guided by the sound principle followed by this Court in *O'Brien v. Blackwell–Baldwin, Inc.*, 819 S.W.2d 417 (Mo.App. 1991).

> "Missouri law favors the disposition of cases upon their merits when possible." *Bonney v. Farmer*, 613 S.W.2d 463, 464 (Mo.App.1981). Whether a case is prosecuted diligently must be decided on a case by case basis. *Bonney* at 464; *Laurie v. Ezard*, 595 S.W.2d 336, 338 (Mo.App.1980).

*Id.* at 421.

▪ After the Hiltons requested a trial setting in June 1993 they did not sit on their hands. Plaintiffs filed their answer to the counterclaim on July 21, 1993, and Hiltons promptly filed a motion for a partial summary judgment with supporting suggestions.

On the date of trial Hiltons and their counsel met with a witness to prepare for the supposed afternoon trial. Hiltons were ready and willing to try their case on the date set until the circuit clerk advised of the dismissal. These efforts do not show a lack of diligence.

Secondly, the docket entry of June 16, 1993, reflects only that the case was "ordered set for trial Sept. 2, 1993." No hour for the trial was mentioned. The next docket entry, July 13, 1993, indicates, "Copy of Petition and Docket Sheet mailed to Defendants Attorney." Therefore, when Hiltons' counsel received the docket sheet in July, he was not put on notice of a 9 a.m. setting to relieve him of his mistaken belief of a 1 p.m. setting.

Finally, Hiltons' motion was filed under Rule 74.06(b) which allows the court to relieve a party "from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." This rule deals with the problem of setting aside a final judgment or order, whether by default or otherwise. Nanette K. Laughrey, *Judgments—The New Missouri Rule*, 44 J.Mo.Bar 11, 16 (1988). Hiltons based their motion on their counsel's "mistake" in misunderstanding the time of trial. Commendably, Hiltons' counsel shoulders the responsibility for the "mistake" when the record fails to show he was wrong.

We find no cases addressing a "mistake" under Rule 74.06(b) even remotely like the one here. Therefore, for guidance, we look to cases involving a "mistake" under Rule 74.05(c) (now Rule 74.05(d) effective Jan. 1, 1994).[5] When the facts of a case allow relief from a mistake constituting good cause under the latter rule, we see no reason why similar facts should not allow relief under the former rule.[6] A mistake which resulted in a default

---

5. Rule 74.05(d) (formerly subparagraph (c)) provides:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

6. We make this statement cognizant of *Cotleur v. Danziger*, 870 S.W.2d 234 (Mo. banc 1994), where the Supreme Court said that Rule 74.06(b) requires the highest standard (among Rules 75.01, 74.05(c) and 74.06(b)) for setting aside a judgment, giving effect to the interests in stability of final judgments and precedent. *Id.* at 236. However, unlike the present case, *Cotleur* involved a final judgment after a trial on the merits. We read *Cotleur* as addressing the standards

judgment was addressed in *Bell v. Bell*, 849 S.W.2d 194 (Mo.App.1993).[7] In that case, the appellate court held that good cause was shown for the wife's failure to respond to the summons and petition. The mistake in *Bell* occurred when wife's Wisconsin attorney spoke with the secretary for wife's Missouri attorney. The secretary mistakenly understood that the Wisconsin attorney would respond to the Missouri dissolution case. After a default judgment was entered the Missouri attorney promptly moved to set aside the default. The court said the mistake by the Missouri attorney's secretary "could not be considered reckless" and found that wife made a showing of good cause as that phrase is described by Rule 74.05(c). *Id.* at 198. The court noted that when the mistake was discovered, the Missouri attorney "promptly moved to set aside the judgment, all within 15 days of entry of the judgment. It makes sense that the sooner the mistake is discovered, and acted upon, the more receptive the courts should be to a motion to set aside. Prompt action to set aside a judgment is less threatening to the stability of the final judgment rule than action taken substantially later." *Id.*

The holding in *Bell* helps convince us that the trial court abused its discretion in the instant case. Hiltons promptly moved to set aside the judgment and the mistake of Hiltons' counsel was less serious in nature than the mistake in *Bell*.

Accordingly, the judgment is reversed and the cause remanded with directions to reinstate Hiltons' counterclaim.

SHRUM, C.J., and FLANIGAN, J., concur.

---

of the three rules when applied to that factual setting. Here, we are dealing with an order dismissing a case for failure to prosecute, not a final judgment on the merits.

7. *Also see Clark v. Brown*, 814 S.W.2d 634, 638–39 (Mo.App.1991); *McClelland*, 790 S.W.2d at 492–93; *Gibson by Woodall*, 778 S.W.2d at 854; and *Schulte v. Venture Stores, Inc.*, 832 S.W.2d 13, 15 (Mo.App.1992) (overruled on other grounds by *Cotleur*, 870 S.W.2d at 239).