**DUCKETT CREEK SEWER DISTRICT, Plaintiff–Respondent,**

**v.**

**WESTERFIELD DEVELOPMENT CORP., et al., Defendant–Appellant.**

**No. 69532.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 8, 1996.

**498**

Stephen J. Nangle, Barbara Nangle, Nangle & Nangle, P.C., St. Louis, for defendant–appellant.

Edward C. Ahlheim, Ahlheim & Dorsey, L.L.C., St. Charles, for plaintiff–respondent.

KAROHL, Judge.

Defendant, Victor Foods, Inc., appeals from an October 31, 1995, order which found: (1) the lawsuit, Duckett Creek Sewer District v. Westerfield Development Corporation, McDonnell–Douglas Corporation and Victor Foods, Inc., had been dismissed on May 31, 1995; (2) an order on June 28, 1995, which purported to remove the case from the May 31, 1995, dismissal docket but did not set aside the dismissal, was ineffective to reinstate the case; and (3) the May 31, 1995, dismissal was a final judgment which the trial court lost jurisdiction to set aside after June 30, 1995. During the pendency of this appeal, Victor Foods refiled its claims to avoid a statute of limitations problem.

On February 9, 1987, Duckett Creek Sewer District (DCSD) filed suit seeking a declaratory judgment against Westerfield Development Corporation (Westerfield), McDonnell–Douglas Corporation (McDonnell–Douglas) and Victor Foods, Inc. (Victor Foods). DCSD wanted a declaration of rights and obligations regarding the legal status of a sewer lateral constructed by McDonnell–Douglas and Westerfield. Victor Foods filed counterclaims against DCSD and cross-claims against McDonnell–Douglas and Westerfield. During 1987 and 1988, other counterclaims, cross-claims and answers were filed and additional parties added.

The case lay dormant until December 1992, when it was placed on a dismissal docket. The trial court granted Victor Foods' request to remove the case from the January 15, 1993, dismissal docket. The case was placed on the dismissal docket for the second time in March, 1994. On motion of Victor Foods it was removed. On April 21, 1995, the case was placed on the dismissal docket for the third and final time. On May 26, 1995, Victor Foods filed a motion to remove the case from the May 31, 1995, dismissal docket. By implication, the trial court denied the motion when it dismissed the case on May 31, 1995, over 8 years after the lawsuit was filed. The order read: "CAUSE DISMISSED BY THE COURT ON MAY 31, 1995, DISMISSAL DOCKET."

On June 28, 1995, the presiding judge of the circuit, substituting for the judge who

ordered dismissal, considered Victor Foods' May 26, 1995, motion to remove the action from the dismissal docket. Victor Foods did not notify other parties and none appeared. The presiding judge, proceeding ex parte, entered the following order: "Upon Defendant Victor Foods, Inc. Motion to Remove from Dismissal Docket filed 5/27/95, Court reinstates cause of action. Court, upon due consideration, removes case from dismissal docket and reinstates cause of action." It was not possible to remove the dismissed case from the dismissal docket. The meaning of "reinstates" is unclear. It is clear the order was directed at a motion to remove from the dismissal docket, not a motion to set aside a dismissal.

The next day, June 29, 1995, most, but not all, of the parties appeared before the presiding judge. She entered the following order: "The Court's vacation of the dismissal order of May 31, 1995, entered 6–28–95, is hereby set for rehearing on Friday, July 7, 1995 at 9:00 a.m. in Div. 4." It was set before the judge who dismissed the case.

No hearing was held on July 7, 1995. On August 4, 1995, the dismissal judge reset a hearing for September 1, 1995 "to consider the Court's jurisdiction to consider the matter … and/or if good cause exists to continue to reinstate the cause of action." On September 1, 1995, the court heard arguments and gave the parties "(10) additional days to September 11, 1995 to file any additional memorandum in support of their positions."

On October 31, 1995, the court found the "cause was dismissed on May 31, 1995, when the Court ruled that there was no good cause shown why the cause should not be dismissed for failure to prosecute." The court also found "the action of [the presiding judge] was a nullity since there were no pending motions in the Court file since the **Motion to Remove from Dismissal Docket** had been denied." The court also denied Victor Foods' motion to set aside the order of dismissal because the court no longer retained control over the action under Supreme Court Rule 75.01 as more than 30 days had elapsed since May 31, 1995.

Victor Foods raises two points on appeal. It argues the trial court erred in dismissing the case for failure to prosecute. Dismissal for failure to prosecute is a matter within the trial court's discretion which will be reversed only upon an abuse of discretion. *Belleville v. Director of Revenue, State of Missouri*, 825 S.W.2d 623, 624 (Mo. banc 1992). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* A fair test is whether the party had a reasonable opportunity to bring the matter to trial. *State ex rel. Mo. Hwy. & Transp. v. McCann*, 685 S.W.2d 880, 886 (Mo.App.1984).

In *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446 (Mo. banc 1976), the Missouri Supreme Court concluded the trial court had not abused its discretion in dismissing a case for failure to prosecute. The trial court had placed the case on the dismissal docket 2½ years after it was filed. Upon motion, the court removed the case from the dismissal docket. Another year passed without trial. The defendant filed a motion to dismiss for failure to prosecute. The trial court overruled the motion. The Supreme Court noted that in spite of the fact the case was ready for trial and in spite of the consideration and leniency shown, the case was still not tried. The Supreme Court concluded the trial court did not abuse its discretion when it dismissed for failure to prosecute in April 1974, 4½ years after it had been filed. *Id.* at 449–450.

This lawsuit was commenced by DCSD on February 9, 1987. Victor Foods filed counterclaims against DCSD and cross-claims against Westerfield and McDonnell–Douglas on April 17, 1987. The case was on three dismissal dockets. The trial court, like the court in *Shirrell,* showed consideration and leniency by removing the case from the dismissal docket on two occasions. In Victor Foods' motion to remove from the last dismissal docket, it referred to a "companion" suit as the reason for its delay in prosecuting the case. Victor Foods also alleged arrangements were being made to determine an orderly discovery schedule shortly after the

resolution of the companion suit. Victor Foods offered no further explanation to justify the 8 year delay. The delay in this case was almost twice as long as the delay in the *Shirrell* case. On these facts, we find the trial court's dismissal was not clearly against the logic of the circumstances before the court nor was it so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* at 450. Victor Foods had a reasonable opportunity to bring the matter to trial. *McCann,* 685 S.W.2d at 886. The procedural history supported the order. The court did not abuse its discretion.

■ In the alternative, Victor Foods argues the trial court's order of dismissal dated May 31, 1995, was timely set aside and the case reinstated on June 28 and June 29, 1995, by the presiding judge. Rule 75.01 allows control over judgments for a 30 day period after entry of judgment. Hence, on June 28 or 29, 1995, the presiding judge had jurisdiction to set aside the dismissal. But the June 28, 1995, order, prepared by Victor Foods' counsel, and entered ex parte, did not unequivocally set aside the dismissal. It merely sustained a motion to remove the case from a dismissal docket.

On June 29, 1995, most of the parties remaining in the case appeared before the presiding judge. The May 31, 1995, dismissal may have been the subject of this meeting, there is no record. The court did not set aside the judgment of dismissal. It set a hearing on July 7, 1995, in Division 4 for "[t]he Court's vacation of the dismissal order of May 31, 1995, entered 6-28-95." However, if the dismissal was not set aside by June 30, 1995, the court lost jurisdiction. Rule 75.01.

■ Assuming arguendo the June 28 and 29, 1995, orders, read together, were intended to vacate the dismissal, they did not act to set aside the dismissal. The June 28, 1995, order was equivocal and it was entered without giving adversely affected parties an opportunity to be heard. The trial court must give notice and provide parties with an opportunity to be heard as a condition *precedent* to the exercise of the trial court's power to vacate. *State ex rel. Kairuz v. Romines,*

806 S.W.2d 451, 454 (Mo.App.1991). Victor Foods failed to give notice and an opportunity to be heard regarding an unwritten request for relief where relief must be ruled within the 30 day period the court retained control of the dismissal. Therefore, the dismissal without prejudice became final on June 30, 1995. The record supports the trial court ruling that the orders of June 28 and 29, 1995, do not attempt to vacate the May 31, 1995, dismissal. If they had any effect, they ordered removal of the case from the dismissal docket after the case was already dismissed.

Victor Foods may not appeal the orders of June 28 or 29, 1995, which it contends set aside the dismissal. The subsequent finding of the trial court determined the dismissal was never set aside. We find no error in that determination. However, we hold the judgment of dismissal became a final judgment on June 30, 1995, and the notice of appeal filed by Victor Foods on November 29, 1995, was untimely. This appeal is dismissed for lack of jurisdiction.

RHODES RUSSELL, P.J., and SIMON, J., concur.