Yolande **ROULHAC**, et al.,
Plaintiffs/Appellants,

v.

**CHRISTIAN HOSPITAL NORTHEAST–NORTHWEST**, et al., Defendants/Respondents.

No. 66580.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1995.

Rehearing Denied July 27, 1995.

Steven Lewis, St. Louis, for plaintiffs/appellants.

Kemper Coffelt, Clayton, for defendants/respondents.

CRAHAN, Judge.

Plaintiffs appeal the dismissal with prejudice of their wrongful death action against Christian Hospital Northeast–Northwest, et al. ("Hospital"). The action was dismissed on Hospital's motion to dismiss with prejudice pursuant to Rule 67.03[1] for failure to prosecute. We affirm.

Before turning to the merits of the appeal, we will first address Hospital's motion to strike Plaintiffs' brief which was previously ordered taken with the case. In its motion, Hospital correctly points out the following violations of the rules governing the contents of the legal file and briefs on appeal:

1. Plaintiffs' legal file is not in chronological order [or any discernable order] and does not contain a copy of the petition in violation of Rule 81.12(a).

2. The pages of the legal file are not numbered consecutively [in fact, they are not numbered at all] nor does the

---

1. Rule 67.03 provides:

**RULE 67.03 INVOLUNTARY DISMISSAL—EFFECT THEREOF**

A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for failure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or to comply with these Rules 41 through 101 or any order of the court. Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify.

legal file contain a complete index designating the specific pages where the documents included in the file may be found as required by Rule 81.14(b). [There is a page styled "Index" but it does not give any page references, nor does it even reflect the order of the documents included in the file.]

3. Plaintiffs' jurisdictional statement violates Rule 84.04(b) in that it fails to indicate the nature of the underlying action and fails to set forth sufficient factual data to demonstrate grounds for assertion of jurisdiction by this court.

4. Plaintiffs' statement of facts violates Rules 84.04(c) and (h) in that it presents information not contained in the legal file, does not contain a single citation to the record [2] and fails to give an accurate and complete statement of the facts relevant to the issue on appeal.

5. Plaintiffs' single Point Relied On violates Rules 84.04(d) and (h) in that it fails to state "wherein and why" the ruling of the trial court was erroneous.[3] See Thummel v. King, 570 S.W.2d 679, 684–86 (Mo. banc 1978).

6. The argument portion of Plaintiffs' brief violates Rules 84.04(e) and (h) in that it fails to include specific page references to the legal file and fails to apprise this court of the specific grounds upon which it is claimed the trial court erred.

Hospital urges that the foregoing violations of the rules have impaired its ability to respond to the nature and scope of the claimed error of the trial court. Further, Hospital expresses concern that the glaring omissions in Plaintiffs' brief could prompt this court to become an advocate for Plaintiffs by speculating as to the facts and arguments in an effort to avoid what may appear on the surface to be a harsh result. Our Supreme Court has expressly cited this potential as one of the principal reasons for requiring compliance with the appellate briefing rules. See Thummel, 570 S.W.2d at 686.

We agree with Hospital that the violations of the appellate briefing rules discussed above are simply too extreme to ignore. Accordingly, Hospital's motion to strike Plaintiffs' brief is sustained. In the exercise of our discretion, Plaintiffs' legal file will not be stricken but will be reviewed for plain error pursuant to Rule 84.13.[4]

■ Based on the uncontroverted facts recited in various motions and attachments contained in the legal file, it appears that the underlying action is a wrongful death case alleging medical malpractice by Defendants which was originally filed in February, 1987 and dismissed without prejudice on March 7, 1989 on Hospital's motion due to Plaintiffs' failure to name an expert witness. Exactly one year later, the action was refiled naming Hospital and various John Does as Defendants. There is no indication that the petition has ever been amended to specify precisely who was negligent or how they were negligent. Since the case was refiled on March 7, 1990, it has been placed on the dismissal docket at least five times—i.e., on August 16, 1991, on June 16, 1992, on January 11, 1993, on December 27, 1993 and on May 26, 1994.

On June 21, 1994, Plaintiffs filed a request that the cause be removed from the dismissal docket and set on the regular trial docket. Plaintiffs made no allegations as to the status of the case or their readiness for trial. On June 27, 1994, Plaintiffs' request was denied and the cause was dismissed without prejudice for failure to prosecute.

---

**2.** There is one reference in the statement of facts which states "(see Exhibit 1)" and two others in the argument portion referring us to "Exhibit 1" and "Exhibit 2". We have painstakingly reviewed every page of Plaintiffs' legal file and cannot find a single document labeled "Exhibit 1" or "Exhibit 2."

**3.** Plaintiffs' Point Relied On, in its entirety, is as follows: "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S CLAIM FOR LACK OF PROSECUTION."

**4.** As a practical matter, no additional effort was required to afford such plain error review because we had to review the legal file to dispose of Hospital's motion.

On July 19, 1994, Plaintiffs filed a motion for reconsideration of the June 27, 1994 order. In their motion, Plaintiffs pointed out that on April 18, 1994 the case had been set for trial by Judge Nolan as the No. 2 case on August 15, 1994 and had been placed on the dismissal docket when it was reassigned after Judge Nolan's departure. This was before the August 15, 1994 scheduled trial date. Plaintiffs further alleged that the court had refused to remove the case from the dismissal docket unless counsel for Defendants was present.

On the same date, Hospital filed a motion for involuntary dismissal with prejudice and opposition to Plaintiffs' request for reconsideration. This motion and a memorandum in support filed on July 26, 1994 set forth in detail Hospital's repeated and unsuccessful efforts to obtain the deposition of Plaintiffs' medical expert, Dr. Michael Greenberg, over the course of more than two and one-half years. This chronology was supported by copies of various motions and correspondence between counsel which were attached to the memorandum. These documents reflect that after its initial attempts to schedule Dr. Greenberg's deposition proved unsuccessful, in February, 1993 Hospital filed a motion for a protective order noting Plaintiffs' failure to respond to its request for dates to depose Dr. Greenberg. Hospital specifically advised Plaintiffs and the court that Hospital would need to take Dr. Greenberg's deposition at least 90 days prior to trial in order to give its experts time to prepare for their depositions by Plaintiffs.[5]

Plaintiffs finally responded in July, 1993 indicating Dr. Greenberg would be available in August, 1993 but then contacted Hospital's counsel in the first week of August and informed him that Dr. Greenberg was no longer available in August.

In September, 1993, Hospital's counsel again requested dates but the parties were unable to settle upon a mutually agreeable date until December 28, 1993, when Dr.

Greenberg's deposition was scheduled for January 7, 1994. However, Dr. Greenberg also insisted upon being paid a fee of $1,500.00 before he would allow his deposition. This demand prompted another motion for a protective order which was sustained in part, the court ordering a lesser fee. Because that motion was not ruled upon until after the scheduled date for Dr. Greenberg's deposition, Hospital and Plaintiffs again attempted to arrive at a mutually agreeable date for the deposition.

Hospital was finally informed that Dr. Greenberg would be available any Wednesday in May. Hospital's counsel attempted repeatedly to contact Plaintiffs' counsel by telephone to confirm a date for the deposition and, when Plaintiffs' counsel failed to return the calls, notified Plaintiffs by letter that Hospital intended to take Dr. Greenberg's deposition on May 18, 1994 in Wayne, Pennsylvania where Dr. Greenberg maintained his office. Plaintiffs' counsel did not respond to the correspondence or return Hospital's counsel's telephone calls of May 16, 1994, so Hospital's counsel proceeded with travel arrangements. On May 17, 1994, however, Plaintiffs' counsel informed Hospital's counsel that the deposition would not be held because Plaintiffs had not confirmed the date with Dr. Greenberg or even spoken to Dr. Greenberg about it. As of June 27, 1994, the date of the initial dismissal order, Plaintiffs still had not produced Dr. Greenberg for his deposition. Based on this chronology, Hospital urged that the action be dismissed with prejudice for failure to prosecute, citing Rule 67.03.[6]

On July 20, 1994, the trial court heard arguments on Plaintiffs' and Hospital's motions. Plaintiffs' motion for reconsideration was denied and Hospital's motion to dismiss with prejudice pursuant to Rule 67.03 was sustained. The action was dismissed with prejudice for failure to prosecute.

■ From the now stricken brief and the oral argument, it is not at all clear which

---

5. We were unable to locate any ruling on this motion either in Plaintiffs' legal file or Hospital's supplemental legal file.

6. Plaintiffs' response to Hospital's motion to dismiss also attached some self-serving correspondence from Plaintiffs' counsel to Hospital's counsel. Nothing in that correspondence contradicts Hospital's chronology.

order of the trial court Plaintiffs are attempting to appeal. At oral argument, counsel emphasized the apparent unfairness of putting the case on the dismissal docket after a trial setting had already been established. We are inclined to agree that a case which has been set for trial at a time certain should not thereafter be placed on the dismissal docket absent unusual circumstances. However, in this case, putting the case on the dismissal docket merely resulted in an order dismissing the case without prejudice. That order was superseded by the order of July 20, 1994 dismissing the case with prejudice pursuant to Hospital's motion based on Rule 67.03. Thus, the sole issue presented is whether dismissal with prejudice was proper based on the matters presented in Hospital's motion.

The normal standard of review applicable to a trial court's dismissal for failure to prosecute was succinctly stated in *Cain v. Buehner and Buehner*, 839 S.W.2d 695, 697 (Mo. App.1992):

> A trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448[1] (Mo. banc 1976), citing *Euge v. Lemay Bank & Trust Co.*, 386 S.W.2d 398, 399 (Mo.1965). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the trial court's action, it cannot be said the trial court abused its discretion. *Shirrell*, 535 S.W.2d at 448[2].

Having stricken Plaintiffs' brief, our discretionary review in this case is for plain error pursuant to Rule 84.13(c), which provides:

> Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

We find no error under either the abuse of discretion or plain error standard. The incidents which gave rise to Plaintiffs' cause of action occurred more than ten years ago, in February, 1984. Suit was originally filed in 1987 and dismissed without prejudice in March, 1989 for failure to prosecute due to Plaintiffs' failure to name an expert witness. The cause was refiled exactly a year later and an expert witness was finally named in May, 1991. This is not a complex case. There are only thirteen pages of medical records. Ever since Plaintiffs named their medical expert, Hospital has diligently attempted to schedule his deposition. Plaintiffs' counsel repeatedly failed to respond to correspondence and telephone calls. Proposed dates were finally offered and then withdrawn when Hospital made it clear it wished to proceed. When the first certain date was finally agreed upon, the deposition was conditioned upon payment of an excessive fee, necessitating postponement so Hospital could obtain a protective order.

■ Plaintiffs had been given clear notice of Hospital's need for additional time after the deposition occurred to enable its medical experts to prepare for their depositions and/or trial. The petition itself gave no notice whatsoever of precisely what actions Plaintiffs claimed were negligent or even who Plaintiffs claimed to have performed them. Nevertheless, having obtained a trial setting for August 15, 1994 as the No. 2 case, Plaintiffs cancelled Dr. Greenberg's deposition noticed for May 18, 1994 because they had never contacted their expert to confirm his availability. As of June 27, 1994, the date of the court's initial order dismissing the cause without prejudice and a mere 50 days prior to the scheduled trial date, Plaintiffs still had not produced their expert for deposition. Contrary to Plaintiffs' assertions at argument, they were not "ready for trial." *See Kralik v. Mortgage Syndicate, Inc.*, 673 S.W.2d 448, 449 (Mo.App.1984) (Plaintiff who had failed to request ruling on defendant's pending motions was not ready for trial). A plaintiff in a medical malpractice case who had not made his medical expert available for deposition after a proper request is not ready for trial.

Our supreme court and the court of appeals have repeatedly upheld dismissals in

cases with less egregious facts. *See, e.g., Shirrell,* 535 S.W.2d at 449 (cause pending less than four years, discovery complete, plaintiff's attorney had heart attack; dismissal upheld by Missouri Supreme Court); *Kralik,* 673 S.W.2d at 449 (cause pending less than three years and plaintiff claimed to be ready for trial; dismissal affirmed); *Cain,* 839 S.W.2d at 698–99 (cause pending for six years, plaintiff moved for jury trial but alleged no facts justifying retention of case on docket; dismissal affirmed).

■ Significantly, all of these cases were decided long before the Missouri Supreme Court adopted Administrative Rule 17 establishing case processing time standards "to ensure the prompt and fair disposition of cases filed in Missouri's circuit courts." Mo. S.Ct.Ad.R. 17.01. Although Rule 17.04 provides that noncompliance with the rule's time standards does not *mandate* the dismissal of any cause, nothing in the rules in any way prohibits consideration of such standards in evaluating whether a case merits a continued expenditure of precious judicial resources. In 1994, the implementation schedule set forth in Rule 17.21 called for disposition of 80% of circuit court tort cases in twelve months, 90% in 18 months and 95% within 24 months. Such a standard simply cannot be achieved if non-complex matters such as this one are allowed to remain pending for years due to dilatory tactics such as those described above. Compliance can be achieved only through the diligent efforts of parties, their counsel, and the court. When the court finds that such effort is lacking, it must remain free to utilize the full range of sanctions provided for in the Rules of Civil Procedure, including dismissal for failure to prosecute, so that those who comply with the letter and the spirit of the rules can have their cases promptly heard.

We find no abuse of discretion or manifest injustice in the action of the trial court. Judgment affirmed.

REINHARD, P.J., and CRANDALL, J., concur.