**Jacquelyn BAKER, Plaintiff–Appellant,**

v.

**Dr. C. Edward FELKER, III,
Defendant–Respondent.**

**No. 21321.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 29, 1997.

Motion for Rehearing or Transfer
Denied Sept. 22, 1997.

---

John R. Hopkins, Jr., Edmundson, Terando, Hopkins & Henson, Poplar Bluff, for Plaintiff–Appellant.

Ted R. Osburn, Osburn, Hine, Kuntze & Yates, L.L.C., Cape Girardeau, for Defendant–Respondent.

GARRISON, *Presiding Judge.*

The trial court sustained the motion of Dr. C. Edward Felker, III ("Defendant") to dismiss, with prejudice, Jacquelyn Baker's ("Plaintiff's") medical malpractice suit for failure to prosecute. Plaintiff appeals. We affirm.

Defendant performed nasal surgery on Plaintiff on October 16, 1989. On October 15, 1991, Plaintiff filed suit against Defendant alleging that he had negligently failed to control bleeding during her surgery. Nine months later, on July 22, 1992, Defendant filed a motion to dismiss the suit for failure to prosecute, alleging that Plaintiff had failed to identify any expert witnesses to testify on the issue of Defendant's negligence. On August 13, 1992, the court ordered Plaintiff to identify an expert within sixty days, or have her suit dismissed for failure to prosecute. Although it is not clear from the record, we presume that Plaintiff did not identify an expert within that period because Defendant noticed up his motion for hearing on January 28, 1993. On January 27, 1993, Plaintiff filed a voluntary dismissal without prejudice, which was subsequently entered by the trial court.

Almost one year later, on January 24, 1994, Plaintiff refiled her petition, making allegations identical to those in the 1991 petition. On June 22, 1994, Defendant filed a motion to dismiss for failure to file an affidavit in compliance with § 538.225 RSMo 1994.[1] When that motion was called for hearing on July 5, 1994, the court ordered that the case would be dismissed if Plaintiff did not file the

---

1. Section 538.225(1) provides: "In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition."

affidavit by August 4, 1994. It also ordered that the case would be dismissed if Plaintiff did not identify an expert by August 4, 1994. Although it is unclear from the record, it appears that one or more experts were identified by Plaintiff.

On October 4, 1994, the trial court set the case for trial on March 22, 1995, and ordered Plaintiff to produce her expert for a deposition by December 15, 1994. It appears from the record that on November 7, 1994, Plaintiff identified Dr. David Parsons as an expert she expected to call at trial. At some point, Plaintiff apparently indicated that Dr. Parsons was the only expert she would call at trial.

Defendant's counsel later withdrew, and new counsel entered his appearance and requested a continuance of the trial setting. That request was granted and the case was set for trial on October 30, 1995. Thereafter, it was again continued by agreement of counsel and was eventually re-set for September 25, 1996.

In letters dated February 22, 1996, and June 19, 1996, Defendant requested that Plaintiff make Dr. Parsons available for deposition. Apparently, Defendant received no response to those requests, and on July 29, 1996, he filed another motion to dismiss for failure to prosecute. In the motion, Defendant noted that it had been seven years since the occurrence which formed the basis for the suit, two and one-half years since the suit was refiled, and that he still had not been able to obtain the deposition of Plaintiff's expert.

On August 7, 1996 the trial court took up Defendant's motion. At that time, Plaintiff withdrew the name of Dr. Parsons as her expert, contending that he had indicated that he was not willing to testify. Plaintiff requested additional time to obtain another expert and, over Defendant's objection, the trial court passed the motion to September 10, 1996. It ordered Plaintiff to identify an expert by that date and to make dates available for Defendant to depose the expert, saying the failure to do so would result in dismissal of the case with prejudice.

On September 10, 1996, Plaintiff's counsel assured the court that he would be identifying an expert later that day, and the court continued the case from its trial setting of September 25, 1996. That afternoon, Plaintiff's counsel sent Defendant's attorney a fax identifying Dr. E. Sargent as her expert. Later that evening, however, Plaintiff's counsel sent Defendant's attorney a second fax withdrawing Dr. Sargent as an expert, and re-identifying Dr. Parsons.

The next day, Defendant's attorney wrote Plaintiff's counsel requesting an explanation, and also requesting that Dr. Parsons be made available for deposition prior to a court conference scheduled for November 12, 1996. On October 2, 1996, after allegedly receiving no response from Plaintiff's attorney, Defendant filed a "renewed" motion to dismiss for failure to prosecute. In the motion, Defendant alleged that Plaintiff had failed to make her expert available for deposition during the nine months prior to the September trial date, had withdrawn the designation of Dr. Parsons as the trial date approached, and then, after the case had been continued, re-identified the same expert.

On October 8, 1996, the trial court indicated its intention to sustain Defendant's "renewed" motion, and did so by signing an order on October 24, 1996. In its order the trial court said that it was convinced that Plaintiff had failed to diligently pursue her cause of action. The court noted that although seven years had elapsed since the events that were the subject of the suit, the case had been set for trial three different times, and that she had not identified and produced for a deposition an expert to testify in her behalf. In dismissing Plaintiff's cause of action with prejudice, it said that she had been afforded a reasonable opportunity to bring her case to trial, but had failed to do so.

 A trial court has the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion is abused. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976); *Euge v. Lemay Bank & Trust*

*Co.,* 386 S.W.2d 398, 399 (Mo.banc 1965); *Roulhac v. Christian Hosp.,* 902 S.W.2d 333, 337 (Mo.App.1995). A discretionary ruling is presumed to be correct, and the burden of demonstrating an abuse of discretion is on the appellant. *Anderson v. Robertson,* 402 S.W.2d 589, 593 (Mo.App.1966). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Roulhac,* 902 S.W.2d at 337. If reasonable people can differ about the propriety of the trial court's action, it cannot be said that it abused its discretion. *Id.*

■ Plaintiff's sole point on appeal is:

The trial court erred in dismissing Plaintiff's petition on the finding that Plaintiff had not identified an expert witness in that Plaintiff cannot be barred from proceeding to trial with the treating physician, whose identity was known to Defendant, testifying as to his opinion, and further that Plaintiff never failed to respond to any court order regarding witnesses or discovery.[2]

Plaintiff's contention is not well taken. Her point is premised on the contention that the trial court dismissed her case because she failed to identify an expert. The trial court's ruling, however, was not based solely on the lack of identification of an expert. Plaintiff had, in fact, identified Dr. Parsons as an expert she expected to call at trial. The trial court, however, also based its ruling on the fact that Plaintiff had not made the identified expert available for a deposition during a period of several months, despite repeated requests from Defendant.

A similar situation existed in *Roulhac.* As in this case, the defendant in *Roulhac* had unsuccessfully sought to take Plaintiff's expert's deposition for a long period of time, all the while emphasizing the need for the deposition a reasonable period of time prior to trial. There the court said:

Ever since Plaintiffs named their medical expert, Hospital has diligently attempted

to schedule his deposition. Plaintiffs' counsel repeatedly failed to respond to correspondence and telephone calls. Proposed dates were finally offered and then withdrawn when Hospital made it clear it wished to proceed.

902 S.W.2d at 337. Finally, the court concluded that "[a] plaintiff in a medical malpractice case who had not made his medical expert available for deposition after a proper request is not ready for trial." *Id.*

As an extension of Plaintiff's contention, she argues that Dr. Parsons was a "treating" physician and was not, therefore, required to be identified as an expert witness. This argument is not decisive because whether Dr. Parsons was her treating physician or not, he was identified as an expert she expected to call at trial. Plaintiff, however, never made him available for deposition, despite numerous deadlines imposed by the court and Defendant's repeated requests for her to do so. Her petition was filed, dismissed, and refiled. The trial court set her case for trial three times, and removed it from each of those trial settings. Seven years passed from the time of Plaintiff's alleged injury to the dismissal of her lawsuit, and she was never ready for trial. *Id.* Given Plaintiff's repeated delays, the trial court did not act illogically, unreasonably, or arbitrarily in dismissing Plaintiff's cause of action, and we thus cannot say that it abused its discretion. *Roulhac,* 902 S.W.2d at 337; *Shirrell,* 535 S.W.2d at 448.

The judgment of the trial court is affirmed.

PREWITT and CROW, JJ., concur.

---

**2.** No issue is raised on this appeal relating to the availability of procedures to compel the taking of depositions and the attendance of witnesses. *See* Rules 57.03(a), 57.03(b), and 57.09.