Jimmy D. TOWNSEND, Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, Respondent.

No. 72585.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 12, 1998.

Alan G. Kimbrell, St. Louis, for appellant.

Dan H. Ball, James W. Erwin, St. Louis, for respondent.

AHRENS, Presiding Judge.

Plaintiff, Jimmy Townsend, appeals from the trial court's dismissal with prejudice of his FELA claim against his employer, Union Pacific Railroad Company. Plaintiff contends on appeal that the trial court abused its discretion. We affirm.

Plaintiff filed an action in August 1993 against his employer, Union Pacific Railroad Company, under the Federal Employees Liability Act (FELA), 45 U.S.C. sections 51–60, for injuries he suffered at work. After several continuances, the trial court set the case on its February 24, 1997 trial docket. In late December 1996, plaintiff's attorney, Mark Dupont, filed a motion to withdraw as plaintiff's counsel for unspecified ethical reasons. The trial court granted Mr. Dupont's motion to withdraw on January 23, 1997. Plaintiff then filed a *pro se* motion on January 31, 1997 to continue the case from the February 24, 1997 docket so that he could secure a new attorney.

The trial court held a hearing on plaintiff's *pro se* motion for a continuance on February 10. Apparently at this hearing, the trial court did set a new trial date of May 12, 1997. However, the trial court also notified plaintiff at the hearing that if he did not enter his appearance through counsel by March 26, 1997, it would dismiss his case with prejudice. The trial court memorialized its admonishment to plaintiff in an order dated February 24, 1997.

Plaintiff failed to enter his appearance through counsel by March 26 and the trial court dismissed his case with prejudice on March 31, 1997. Plaintiff filed a motion to set aside the dismissal. The trial court denied that motion on April 28, 1997. This appeal follows.

In his only point on appeal, plaintiff alleges the trial court erred in dismissing his FELA action with prejudice. It is difficult to determine whether the trial court dismissed plaintiff's cause of action because of his failure to obey its February 24 order or whether it dismissed his cause of action for failure to prosecute. However, regardless of the basis for the trial court's dismissal, we find that it did not abuse its discretion in dismissing plaintiff's cause of action.

■■■ We will first analyze the trial court's dismissal of plaintiff's claims from the perspective that the trial court dismissed the claim because of plaintiff's failure to obey its February 24 order. We will reverse the trial court's dismissal of a plaintiff's cause of action under Rule 67.03 for failure to comply with a court order only if the dismissal constitutes an abuse of discretion. *Butler v. Circulus, Inc.*, 557 S.W.2d 469, 476 n. 3 (Mo. App.1977) (citing federal cases analyzing the

analogous federal rule). A trial court abuses its discretion when its judgment is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the appellate court's sense of justice and indicates a lack of careful consideration. *Embree v. Norfolk & Western R.R. Co.,* 907 S.W.2d 319, 327 (Mo.App.1995).

■ Plaintiff contends that the trial court erred in dismissing his case for failing to obey its February 24 order because the trial court did not have the power to enter that order. It is true that a trial court may dismiss a claim for failure to obey a court order only if it had the power to enter the underlying order. *Butler,* 557 S.W.2d at 480. However, we find that the trial court did have the power to enter the February 24 order.

■ Plaintiff predicates his contention that the February 24 order was not lawful on the argument that it compelled him to employ counsel and gave him no opportunity to proceed *pro se.* A litigant does have the right to proceed *pro se. Brancato v. Wholesale Tool Co., Inc.,* 950 S.W.2d 551, 556 (Mo. App.1997). Also, it is true that the trial court's February 24 order did not expressly deal with the possibility of plaintiff proceeding *pro se.* However, after viewing the entire record, we find that the February 24 order was lawful and did not deprive plaintiff of his right to proceed *pro se.*

The order in dispute here was in direct response to plaintiff's *pro se* motion for a continuance. In his motion, plaintiff stated he was seeking a continuance because he needed additional time to find a new attorney. Thus, plaintiff had unequivocally expressed to the trial court that he wished to obtain new counsel before proceeding with his case. The trial court's order was simply an attempt to balance plaintiff's desire for additional time to obtain counsel with its need to proceed with a case that had languished for almost four years in the circuit court. We find that this sort of balancing is well within the trial court's inherent authority to control its docket. *See Collins v. Director of Revenue,* 691 S.W.2d 246, 254 (Mo. banc 1985).

We also find that the trial court did not prohibit plaintiff from proceeding *pro se.* There is nothing in the trial court's February 24 order, or any other order from the trial court, that prevented plaintiff from notifying the trial court before March 26 that he intended to proceed *pro se* and that he would be ready for trial on May 10.

This record supports a finding that the trial court had the authority and power to legally enter its February 24 order. Furthermore, this record indicates that the trial court's determination to dismiss plaintiff's cause of action was not clearly against the logic of the circumstances existing at the time of dismissal and does not shock this Court's sense of justice. Thus, the trial court did not abuse its discretion in dismissing plaintiff's cause of action under Rule 67.03 for failure to comply with a court order.

■ We next consider whether the trial court's dismissal was proper if the dismissal was based on the plaintiff's failure to prosecute his case. Dismissal for failure to prosecute under Rule 67.03 is a matter within the trial court's discretion. *Belleville v. Director of Rev.,* 825 S.W.2d 623, 624 (Mo. banc 1992). Accordingly we will not reverse the trial court's dismissal for failure to prosecute unless it constitutes an abuse of that discretion. *Id.*

■ Plaintiff first asserts that the trial court's dismissal is not sustainable on a failure to prosecute basis because the dismissal did not comply with the procedures outlined in St. Louis City Local Rule 37.1.1. Plaintiff contends that once a circuit court promulgates a local rule outlining a procedure for dismissal of cases, it may only dismiss cases by utilizing that procedure. Thus, plaintiff argues that because Rule 37.1.1 provides for the dismissal of a case by placing it on the dismissal docket, the trial court may only dismiss the case after it places the case on the dismissal docket. We disagree.

■ It is true that once a trial court promulgates a local rule prescribing the manner in which it will dismiss cases on its dismissal docket, it must follow the local rule in dismissing cases on its dismissal docket. *Henningsen v. Independent Petrochemical Corp.,*

875 S.W.2d 117, 119 (Mo.App.1994). In *Henningsen*, which involved the same local rule in dispute here, the trial court dismissed a case that it had placed on its dismissal docket without following the procedure outlined in the local rule. We reversed and held that because the trial court had placed the case on its dismissal docket, it was bound to follow the procedure it had outlined in Local Rule 37.1.1. *Id.* at 119–20.

In the present case, the trial court never placed plaintiff's case on its dismissal docket. Thus, neither Local Rule 37.1.1 nor *Henningsen* are applicable to the present dispute. Rather, the rule of law applicable to this dispute is that trial courts have the inherent authority to dismiss cases independent of any court rule. *Bindley v. Metropolitan Life Insurance Co.,* 335 S.W.2d 64, 69 (Mo.1960). Accordingly, a trial court may dismiss a case for failure to prosecute without placing the case on its dismissal docket even if there is a local rule governing the procedures the trial court must utilize in dismissing a case once it places the case on its dismissal docket. *See e.g. Baker v. Felker,* 952 S.W.2d 743, 746 (Mo.App.1997) (affirming the trial court's dismissal of plaintiff's case for his failure to make his expert witness available to defendant for deposition without first placing the case on its dismissal docket).

█ Plaintiff next claims that the trial court's judgment must be reversed because it dismissed plaintiff's claim without adequate notice and an opportunity to be heard. The record shows that the trial court provided plaintiff with actual notice that it was going to dismiss plaintiff's claim with prejudice if he did not obtain new counsel approximately forty-four days prior to the dismissal. Further, the record indicates that plaintiff was present at the hearing where the trial court announced its decision to require plaintiff to obtain counsel by March 26. Accordingly, the record refutes plaintiff's claim that he did not receive adequate notice and an opportunity to be heard.

█ Plaintiff also asserts that the trial court could not have properly dismissed his claim for failure to prosecute because there is no evidence in the record to support a finding that he did not prosecute his claim. There must be some evidence in the record that the delay was unnecessary to support the trial court's dismissal for failure to prosecute. *See Belleville,* 825 S.W.2d at 625. Here, there is evidence in the record that plaintiff failed to secure a new attorney for at least three months after he knew that his former attorney intended to withdraw and therefore was not ready for trial on the original trial date of February 24. This evidence is sufficient to support a finding that the delay was unnecessary.

█ Another fact that supports the trial court's dismissal of plaintiff's claim is that plaintiff had filed his case almost four years prior to the trial court's dismissal. At the time the trial court dismissed plaintiff's case, the existing Supreme Court administrative rules established that 98% of all civil cases should be disposed of within two years of filing. Administrative Rule 17.23 (1997). The Supreme Court set the standard at less than 100% because it recognized that litigation involving complex substantive or procedural issues may require additional time. Administrative Rule 17.21 (1997). Our review of the record does not indicate that the present case involved complex substantive or procedural issues. Therefore, under the Supreme Court's guidelines, this case should have been disposed of within two years of its filing.

█ Compliance with the time guidelines in Administrative Rule 17 is not an absolute requirement and does not necessarily mandate the dismissal of a case. Administrative Rule 17.04; *Roulhac v. Christian Hospital Northeast–Northwest,* 902 S.W.2d 333, 338 (Mo.App.1995). However, noncompliance with the guidelines is certainly relevant in determining whether the trial court abused its discretion in dismissing a plaintiff's petition for failure to prosecute. *Id.* As this Court observed in *Roulhac,* trial courts must be given flexibility in dismissing non-complex cases that have been pending for several years in order for the time standards under the rule to be achieved.

Plaintiff finally contends that the trial court erred in dismissing his claim with prejudice instead of dismissing it without prejudice. However, as defendant points out, even if the trial court had dismissed plaintiff's case without prejudice, he would have been time barred from refiling his suit. This results because individual states' savings statutes do not apply in FELA actions. *Ross v. Union Pacific R.R.*, 906 S.W.2d 711, 712 n. 2 (Mo. banc 1995) (citing *Burnett v. New York Central R.R.*, 380 U.S. 424, 433, 85 S.Ct. 1050, 1057, 13 L.Ed.2d 941 (1965)). Also, FELA has a three-year statute of limitation and does not have a savings clause. 45 U.S.C. section 56 (1994).

Because the incident that gave rise to plaintiff's injuries occurred more than three years prior to the trial court's dismissal of his claim, he would have been time barred from refiling his claim even if the trial court would have dismissed his claim without prejudice. Therefore, any error that the trial court may have committed would have been harmless and would not warrant reversal. Rule 84.13(b).

Regardless of whether we view the trial court's dismissal of plaintiff's claim as a dismissal for failure to obey a court order or a dismissal for failure to prosecute, we find that the trial court did not abuse its discretion in dismissing plaintiff's claim with prejudice.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.