Mark Allan **HEINCELMAN**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 11–00–00363–CR.

Court of Appeals of Texas, Eastland.

Aug. 23, 2001.

---

Mike A. Smiddy, Attorney At Law, Mineral Wells, for appellant.

Tim Ford, Dist. Atty., Palo Pinto, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCALL, JJ.

Opinion

ARNOT, Chief Justice.

The jury convicted appellant of possession of a controlled substance in an amount of 1 gram or more but less that 4 grams and assessed his punishment at confine-

ment for 5 years and a $5,000 fine. We affirm.

In his first and second points of error, appellant argues that the trial court erred in admitting evidence seized as a result of a search of his vehicle because there was no probable cause for the search and because the evidence was insufficient to prove that consent to search was voluntarily given. Appellant filed a motion to suppress on September 15, 2000, urging that he was arrested without probable cause. At the conclusion of the State's evidence at the guilt/innocence phase of the trial, the trial court heard argument on the motion and subsequently denied the motion.

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State,* 955 S.W.2d 85 (Tex.Cr.App. 1997). We must afford the same amount of deference to the trial court's rulings on "mixed questions of law and fact," such as the issue of probable cause, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Guzman v. State, supra* at 89. Appellate courts, however, review de novo "mixed questions of law and fact" not falling within the previous category. *Guzman v. State, supra.* When faced with a mixed question of law and fact, the critical question under *Guzman* is whether the ruling "turns" on an evaluation of credibility and demeanor. *Loserth v. State,* 963 S.W.2d 770, 773 (Tex. Cr.App.1998). A question "turns" on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Loserth v. State, supra.* We must view the record in the light most favorable to the trial court's ruling and sustain the trial court's ruling if it is reasonably correct on any theory of law appli-cable to the case. *Guzman v. State, supra.*

Officer Ken Dabbs, with the Cross Timbers Narcotics Task Force, testified that on February 28, 2000, he was patrolling Interstate 20 when he observed the vehicle appellant was driving change lanes without using a turn signal. Appellant was driving a Penske rental truck, and Officer Dabbs stopped the vehicle for the traffic violation. Officer Dabbs asked appellant for the rental agreement for the truck, but appellant was unable to produce a rental agreement. Appellant had a California driver's license, and Officer Dabbs contacted dispatch to check for outstanding warrants and also to check the vehicle identification number on the truck to determine whether the vehicle had been reported stolen. Officer Dabbs later issued appellant a warning ticket for the traffic violation.

While he was waiting for the returns from dispatch, Officer Dabbs began talking to appellant. Appellant told Officer Dabbs that he was coming from El Paso, that he owned a moving company, and that he was moving household goods. Appellant said that he had picked up the items from a storage facility in El Paso. Appellant told Officer Dabbs that he had flown from California to Missouri, where he rented the truck, and then went to El Paso. At the time of the stop, appellant was traveling eastbound on the interstate. The passenger in the truck told Officer Dabbs a conflicting story. The passenger stated that the items in the truck were picked up from an individual's house in El Paso, rather than from a storage facility.

Officer Dabbs testified that he asked appellant if he was in possession of any stolen property, drugs, or weapons and that appellant responded that he was not. Officer Dabbs then asked appellant for consent to search the back of the truck, and appellant said, "[Y]es, we could look."

Appellant retrieved the key, unlocked the back of the truck, and opened the back of the truck for Officer Dabbs. When he looked inside the truck, Officer Dabbs did not see household items as appellant had previously stated. Officer Dabbs looked inside of some bags and boxes that were in the truck and found various drug paraphernalia, including pipes, electronic scales, and a "hitter" which contained a "white powder" substance.

Officer Dabbs called for backup and handcuffed both appellant and the passenger. Deputy Todd Baker drove the truck to the sally port of the Palo Pinto County Jail where Officer Dabbs conducted a further search. During that search, Officer Dabbs found various items used to manufacture methamphetamine; more drug paraphernalia; and false bottom cans, one of which contained capsules with white powder. Appellant was also searched at the jail; and, from his person, officers recovered another "hitter" and an address book with drug paraphernalia. The methamphetamine seized from appellant and the vehicle totaled 1.58 grams.

■■■ Appellant first argues that there was no probable cause for his detention after a traffic stop. When a traffic violation is committed within an officer's view, the officer may lawfully stop and detain the person for the traffic violation. *Walter v. State,* 28 S.W.3d 538 (Tex.Cr.App.2000); *McVickers v. State,* 874 S.W.2d 662 (Tex. Cr.App.1993). During a valid traffic stop, an officer is permitted to detain the individual in order to check for outstanding warrants. *Walter v. State, supra.*

The record shows that Officer Dabbs stopped appellant for a traffic violation and detained appellant to check for outstanding warrants and to determine whether the vehicle had been reported stolen. While waiting for the returns from dispatch, Officer Dabbs engaged appellant in a conversation and became suspicious

that appellant was involved in criminal activity. Officer Dabbs asked for and received consent to search appellant's vehicle.

■■■ Appellant next argues that his consent to search was involuntarily given. To be valid, a consent to search must be positive and unequivocal and must not be the product of duress or coercion, either express or implied. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The State bears the burden of proving voluntary consent by clear and convincing evidence. *State v. Ibarra,* 953 S.W.2d 242, 245 (Tex.Cr.App. 1997).

Officer Dabbs asked appellant for consent to look in the back of the truck, and appellant said that he "could look." Appellant retrieved the key to the back of the truck and opened it for Officer Dabbs. At trial, when appellant's attorney asked Officer Dabbs whether he believed that appellant gave him permission to check everything that was in the back of the truck, Officer Dabbs responded, "Everything that was in the back of the truck, I asked for." Although Officer Dabbs did not inform appellant that he could refuse to consent to the search, there is no evidence in the record that the consent was obtained by duress or coercion. See *Estrada v. State,* 30 S.W.3d 599 (Tex.App.—Austin 2000, pet'n filed).

The record shows that appellant was lawfully stopped pursuant to a traffic violation and that, while he was waiting for a return from dispatch, Officer Dabbs received consent to search appellant's vehicle. Before he received information from dispatch that the vehicle was not stolen and that appellant did not have any outstanding warrants, Officer Dabbs discovered methamphetamine in the truck. Appellant has not shown that the trial court abused its discretion in admitting the evi-

dence seized during the search of his vehicle. Appellant's first and second points of error are overruled.

The judgment of the trial court is affirmed.