Rodney Dwayne HARRIS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–00–00231–CR.

Court of Appeals of Texas, Eastland.

Aug. 23, 2001.

Rehearing Overruled Oct. 4, 2001.

Terri Hamby, Richardson, for appellant.

Bill Hill, Criminal District Attorney, Appellate Section, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

ARNOT, Chief Justice.

After the denial of a motion to suppress the evidence, appellant pleaded nolo contendere to possession of cocaine. A plea bargain agreement was not reached. The trial court sentenced appellant to eight years confinement. We affirm.

In three points of error, appellant asserts that the trial court erred in denying his motion to suppress because the officer lacked reasonable suspicion to stop and detain him and because his continued detention and subsequent arrest were without probable cause. At issue in each point of error is the question of whether Dallas Police Officer Samuel Scott McDonnald had sufficient reasonable suspicion to make the investigatory stop and detention that provided the probable cause for appellant's arrest.

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85 (Tex.Cr.App. 1997). We must afford the same amount of deference to the trial court's rulings on "mixed questions of law and fact," such as the issue of probable cause, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.

*Guzman v. State, supra* at 89. Appellate courts, however, review de novo "mixed questions of law and fact" not falling within the previous category. *Guzman v. State, supra.* When faced with a mixed question of law and fact, the critical question under *Guzman* is whether the ruling "turns" on an evaluation of credibility and demeanor. *Loserth v. State*, 963 S.W.2d 770, 773 (Tex. Cr.App.1998). A question "turns" on an evaluation of credibility and demeanor when the testimony of one or more witnesses, if believed, is always enough to add up to what is needed to decide the substantive issue. *Loserth v. State, supra.* We must view the record in the light most favorable to the trial court's ruling and sustain the trial court's ruling if it is reasonably correct on any theory of law applicable to the case. *Guzman v. State, supra.*

At the suppression hearing, the two witnesses gave conflicting accounts of the arrest and seizure. The trial court did not enter findings of fact. Officer McDonnald testified that he was patrolling an area known for high crime and drug activity. There had been citizens complaining about drug activity in this neighborhood. Several weeks earlier, Officer McDonnald had executed a warrant at the same address as this arrest. As he approached in his patrol car, Officer McDonnald was watching for any activity around the duplex at this address. Officer McDonnald observed appellant and another man standing close, face-to-face, as if having a conversation. Appellant received a small object in his left hand and later put his hand into his left pocket. When appellant and the other man saw the police car, they began walking in opposite directions. The other man entered the duplex, and appellant walked toward the passenger's side door of a parked vehicle.

Officer McDonnald stated that, based on his knowledge of the address and what he had observed, he had a reasonable suspicion that there may have been a drug transaction. Officer McDonnald contacted appellant, asking where he lived and for identification. Appellant gave the officer his identification. When appellant's identification was checked, there were outstanding warrants for appellant, and Officer McDonnald then handcuffed appellant and placed him under arrest. Officer McDonnald stated that the encounter with appellant lasted less than five minutes before the arrest. Officer McDonnald searched appellant after the arrest. Officer McDonnald found a plastic bag containing one large rock in appellant's left pocket. The rock tested positive for cocaine.

Latasha Crawford, a neighbor, also testified. Crawford lived in one-half of the duplex, and appellant lived in the other. Crawford stated that she saw appellant and several friends leaving the house when the police arrived. Crawford said that the officers initially contacted appellant, pushed him against the car, told him to shut up, and handcuffed him almost immediately. Crawford said that the officers had handcuffed appellant and placed him in the squad car in less than two minutes after they arrived. Crawford did not hear the officer ask appellant for his identification, did not see appellant give the officer his identification, and did not see the officer search appellant.

A police officer may detain a person temporarily for investigative purposes based on specific articulable facts, which, together with rational inferences, would reasonably indicate that a person has or is preparing to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Officer McDonnald had reasonable suspicion to make the investigatory stop. Appellant was arrested based on outstanding warrants. Consequently, Officer McDonnald had probable cause to make the arrest, and the trial court did not err. *Loserth v. State, supra; Guzman v. State, supra.* Appellant's three points of error are overruled.

The judgment of the trial court is affirmed.